**FILED**

NOV - 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EUGENE A. FISCHER, #32904-004
F.C.C. II
P.O.B. 1500
Butner, N.C. 27509
                 Plaintiff,

         vs.

FEDERAL BUREAU OF INVESTIGATIONS; 935 Pennsylvania Ave., NW
Washington, DC 29535
OFFICE OF INFORMATION AND PRIVACY,
U.S. DEPARTMENT OF JUSTICE, 950 Pennsylvania Ave., NW
Washington, DC 20530
                Defendants.

CIVIL NO

Case: 1:07-cv-02037
Assigned To : Huvelle, Ellen S.
Assign. Date : 11/8/2007
Description: FOIA/Privacy Act

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. COMES HERETO Eugene A. Fischer (Fischer), Plaintiff
pro-se, and files this Complaint for Declaratory and Injunctive
Relief against the Federal Bureau of Investigations (FBI) and
the Office of Information and Privacy, U.S. Department of Justice,
Defendants, pursuant to the Freedom of Information Act (FOIA),
5 USC 552, as amended, and the Privacy Act (PA), 5 USC 582(a), to
order the production of agency records previously requested by
Plaintiff pursuant to the above referenced Acts and which have
been ignored or denied by the Defendant agencies.

### JURISDICTION

2. This court has jurisdiction over this action pursuant
to 5 USC 552(a)(4)(B) and 5 USC 552(g)(1)(B); (g)(3)(A);
(g)(4)(A) and (g)(4)(B).

### PLAINTIFF

3. Plaintiff, Eugene A. Fischer, is a federal prisoner
in the Federal Bureau of Prisons Correctional Institution, FCI-2
in Butler, North Carolina. He is the requestor of the withheld
records,

## DEFENDANT

4. Defendants, Federal Bureau of Investigations and Office of Information and Privacy, U.S. Department of Justice are agencies of the United States and have in their possession and/or have access to and/or control records that the Plaintiff seeks.

## BACKGROUND

### Initial Request, Denial and Appeal

5. The Plaintiff was tried and convicted of being a principal in a Continuing Criminal Enterprise (CCE) for the importation and distribution of marijuana in the U.S. District Court in Benton, Illinois in 1988 and as a result of the conviction received a life sentence without parole. The primary and virtually exclusive investigatory agency was the FBI.

6. The information the Plaintiff is seeking could help him to prove his actual innocence of the charges for which he was convicted, which innocence the Plaintiff has been maintaining for 20 years now.

7. Beginning with his first request under FOIA on January 31, 1995 and followed by another FOIA request on August 20, 1996 the Plaintiff has filed such information requests with the FBI. See Attachment A.

8. The January 31, 1995 request was denied on March 30, 1995. The reason given was because of an on-going investigation and that such disclosure could reasonably be expected to interfere with enforcement proceedings. See Attachment B.

9. On April 18, 1995 the Plaintiff appealed the FBI denial. See Attachment C.

10. On December 30, 1996 the Office of Information and Privacy, U.S. Department of Justice denied the appeal, affirming the initial decision. The reason given, once again, was because the release of such information would interfere with enforcement proceedings. See Attachment D.

## Revised Appeal Decision

11. On December 18, 2006 the Office of Information and Privacy, U.S. Department of Justice sent a letter to Plaintiff revising their initial denial of the information stating that "it is no longer applicable to withhold the records in their entireties." Reasons apparently were that they were no longer contending that an on-going investigation would be interfered with. See Attachment E.

## Plaintiff Acceptance

12. Plaintiff send no fewer than five (5) letters through the first half of 2007 to the Office of Information and Privacy and to the Office of Information Dissemination, FBI requesting the pro-offered information and accepting the charges, if any, to pay for such records. See Attachment F.

## Defendants Quote of 580 Pages

13. On April 13, 2007 the FBI advised Plaintiff that they had located 580 pages of potentially responsive information. See Attachment G.

## Information Disclosed

14. Finally, on September 18, 2007 the FBI sent information to the Plaintiff. However this information was only 34 of 40 pages reviewed and 24 of the pages were copies of letters

- 3 -

to and from the Plaintiff. See Attachment H.

Once again an on-going investigation in addition to security reasons were quoted as foreclosing disclosure of the six pages not sent. See Attachment I.

There was no mention by the FBI of the other 580 pages nor was there any Vaughn Index or other justification for not giving any of the other 580 pages originally mentioned. In fact it is obvious that the FBI was purposefully being non-responsive to the Plaintiff's requests.

### OBSTRUCTIONS

15. Defendant is blocking Plaintiff's statutorily guaranteed and constitutionally guaranteed rights to information they are maintaining on him and his case.  Plaintiff has been waiting for over 12 years for this information. Plaintiff believes the information he is requesting may be crucial to his case and may even be information which could assist him in getting a reversal.

### INFORMATION RELEASED

16. As proof of what the Plaintiff is maintaining, one of the records released named him as a fugitive hiding in Switzerland under an alias in 1995. In 1995 the Plaintiff was incarcerated with the Federal Bureau of Prisons (BOP). See Attachment J. Obviously this could not be a justification of an on-going investigation.

17. Another record shows him as involved with a gambling casino in Los Angles, California, which was a primary asset of the CCE. This assertion was later denied in  a stipulation by the prosecution. See Attachment K.

## ACTION REQUESTED BY COURT

18. Therefore the Plaintiff prays that this court:

i.  Declare that the Defendant's refusal to disclose the records requested by Plaintiff is unlawful;

ii. Issue an injunction to prevent the Federal Bureau of Investigations and the Office of Information and Privacy, U.S. Department of Justice from relying on their invalid and illegal practice of either a) not responding to FOIA/PA requests, or b) only partially responding, or c) not taking any real action other than the most superficial, or d) simply outright denying the request for no justifiable resaons;

iii. Make a written finding that the circumstances surrounding the withholding raise questions that there have been arbitrary and capricious agency action or inaction, and make a referral of the matter to the Merit Systems Protection Board for investigation, purusuant to subsection (a)(4)(f);

iv. Appoint counsel for Plaintiff, if the Court deems it necessary;

v. Award Plaintiff his costs and reasonable attorney's fees in this action;

vi. Expedite this lawsuit pursuant to 28 USC 1657(a);

vii. Grant such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this _23_ day of October, 2007.

Eugene A. Fischer
32904-004 FCI-2
Box 1500
Butner, NC  27509

JS-44
(Rev.1/05 DC)

**CIVIL COVER SHEET**

I 02-2037 ESH

**I. (a) PLAINTIFFS**
Eugene A. Fischer  #32904-004
FCI-2, Box 1500, Butner, NC 27509

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 85680
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**
F.B.I., Office of Information
and Privacy, U.S. Dept.Justice
Washington, DC   20530

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Wash.D.C.
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
~~None~~    Pro Se (PR)

Case: 1:07-cv-02037
Assigned To : Huvelle, Ellen S.
Assign. Date : 11/8/2007
Description: FOIA/Privacy Act

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government          ☐ 3 Federal Question
Plaintiff                            (U.S. Government Not a Party)

☒ 2 U.S. Government          ☐ 4 Diversity
Defendant                          (Indicate Citizenship of Parties
                                   in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**☐ A. Antitrust**

☐ 410 Antitrust

**☐ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☒ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

④

| ☐ **G. Habeas Corpus/ 2255** | ☐ **H. Employment Discrimination** | ☐ **I. FOIA/PRIVACY ACT** | ☐ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General ☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) *(If pro se, select this deck)* | ☒ 895 Freedom of Information Act ☐ 890 Other Statutory Actions (if Privacy Act) *(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ **K. Labor/ERISA (non-employment)** | ☐ **L. Other Civil Rights (non-employment)** | ☐ **M. Contract** | ☐ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act ☐ 740 Labor Railway Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act) ☐ 443 Housing/Accommodations ☐ 444 Welfare ☐ 440 Other Civil Rights ☐ 445 American w/Disabilities-Employment ☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholder's Suits ☐ 190 Other Contracts ☐ 195 Contract Product Liability ☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5 USC 552(a)(4)(B) and 5 USC 552(g)(1)(B); (g)(3)(A); (g)(4)(A) and (g)(4)(B)

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   **DEMAND $**   Check YES only if demanded in complaint   **JURY DEMAND:** ☐ YES   ☒ NO

**VIII. RELATED CASE(S) IF ANY**   ʌ.f.o.   (See instruction)   ☐ YES ☒ NO   If yes, please complete related case form.

DATE 11.8.07   SIGNATURE OF ATTORNEY OF RECORD   NCD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

NOV - 8 2007

**RECEIVED**

2007

Attachment A
1 of 3

Eugene A Fischer                    US Penitentiary
32904-004
Box PMB                                                                              b6
Atlanta, Ga    30315                                                                 b7C
                                                                                     b7D
January 31, 1995                          Let sent to Carbondale

F B I offices
250 W  Cherry St
Suite 308
Carbondale, Il    62901

Dear Mssrs

This letter will serve as my request pursuant to the provisions of the Freedom
of Information Act (5 U S C  552) and the Privacy Act (5 U S C  52a (d)(1),
for full disclosure and release of all records and/or data contained in the
files of your agency pertaining to the following matters which are related to a
criminal case the U S  brought against me (U S v  Fischer, Criminal No
87-40070)

  1) Any investigation by your agency or other law enforcement agencies
     of which you may have records of judge James Foreman in the
     last ten years, concerning any criminal matters either directly or
     indirectly involving him   Specifically, information is being sought
     concerning[          ] and any
     investigation of them which might mention or tie in any form
     James Foreman to any criminal investigations or trials of them

  2) Information as to the criminal charges levied, the indictment dates,
     the judicial outcome, and the dates of incerceration of Archie
     [                              ] from the year 1985 to the present

  3) Any information concerning investigations and findings (including
     judicial procedures) of the government's cooperating witnesses with
     reference to the [       ] et al  marijuana case tried in federal court          O
     in the 7th district in 1988, such data being for the period before,
     during or after the trial   Specifically information is sought
     concerning any perjury allegations or verdicts concerning the witnesses
     [                        ]

  4) Copies of all indictments against Eugene A  Fischer concerning the
     above mentioned case

  5) Information as to the proceeds, methods of sale, and actions taken
     with regards to any property of Eugene A  Fischer taken by the
     U S  government as a result of this case

  6) Copies of any 302 or other material concerning F

It is further requested that your agency provide me with a copy of specific
regulations as provided by statute (5 U S C  552), so that compliance with
such regulations is adherred to except as otehrwise provided by law
(5 U S C  701 et seq )

07 2037    **FILED**

NOV - 8 2007

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

SEARCHED _____ INDEXED _____
SERIALIZED ___ __ FILED _____

FEB    1995

FBI - SPRINGFIELD

This request is made under the Freedom of Information Act (5 U S C 552) and
the Privacy Act (5 U S C 552a) (together with the "alternate means of access"),
to permit access to records on file with your agency  If, for any reason, it
is determined that portions of the material and records sought is exempt by
statute (5 U S C (6)(c)(b)(7), 552a (j)(2) or by any regulation (Menard v
Mitchell, 430 F 2d 486, 139 U S App D C 113 (1970), Nemetz v Department
of Treasury, 446 F Supp 102), I request specific citation to authority for
such deletion  If it should be determined that any material is CONFIDENTIAL
due to identification of source, the permission is granted to the agency to
delete source identification ONLY from the material released  Paton v LaParde,
524 F 2d 862 (CA3 1975), Chastain v Kelly, 510 F 2d 1233
I further agree to pay any reasonable costs, or file IN FORMA PAUPERS if I am
indigent, provided by statute or regulation by your agency, for search and
copying of the material requested

Pursuant to Title 5 U S C 552 (6)(1)(1), it is noted that your agency has
ten (10) working days following receipt of this request to provide the
information and material sought  Should any delay occur, it is requested
that your agency inform me of this delay as provided for by agency regulations
and the date when you will be able to act on this request

Sincerely yours,

*Eugene A Fischer* (signature)

Eugene A Fischer

Date Feb 1, 1995

IDENTIFICATION OF REQUESTER:

**Name:** Eugene A Fischer
**Date of Birth:** October 11, 1940
**Place of Birth:** New York, N Y , U S A
**Social Security No.:** 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
**Federal Bureau of Prisons No.:** 32904-004

| Right Thumb | | Right Index | |
|---|---|---|---|
| I | | I | I |
| I | | I | I |
| I | | I | I |
| I | | I | I |
| I | | I | I |
| I | | I | I |
| I | | I | I |
| I | | I | I |
| I | RT | I | RI | I |

Attachment A
3 of 3

Eugene A. Fischer
32904-004
Box PMB
Atlanta, Ga.   30315

August 20, 1996

Freedom of Information Officer
Federal Bureau of Investigation
Box 3333
250 W. Cherry Street
Suite 308
Carbondale, IL.   62901


Dear Sir/Madam

This is a personal, non-commercial request pursuant to the
Freedom of Information Act, 5 USC §552, as amended, and the
Privacy Act of 1974, 5 USC §552(a), for all records your
agency is in possession of concerning the investigation,
charging and bringing of the criminal cases described in the
attachment to this letter, and any reference, mention or
investigation of Judge James Foreman relating thereto

This is related to a criminal case against me and concerns a
public official and records relating to him. I request a
copy of all records with regards to these cases and any
reference to Judge James Foreman, from all retrievable
sources, including computer records, electronic
surveillance, etc.

If there are any delections or excisions, I request a legal
justification be made of each one and an index of all such
excised or withheld records be given me. Under the Acts I
expect, as is my right, to receive all non-exempt records.

I will pay reasonable copying fees for these records. This
request should be processed pursuant to the Privacy Act
which provides that no fees shall be charged for locating
and retrieving records, 5 USC §552(f)(5).

As provided in the Acts, I will expect a response to this
request within 10 working days of receipt of this letter.

Thank you for your attention to this matter.

Sincerely yours,

Eugene A. Fischer

Enclosures   Certificate of Identity, Attachment

SEARCHED_____ INDEXED_____
SERIALIZED_____ FILED_____

AUG 2 9 1996

FBI SPRINGFIELD

*Attachment B*
*1 of 2*



U S Department of Justice

Federal Bureau of Investigation

In Reply, Please Refer to
File No

Suite 400, 400 West Monroe Street
Springfield, IL    62704
March 30, 1995

U.S. Penitentiary
Eugene A. Fischer
32904-004
Box PMB
Atlanta, GA  30315

Dear Mr Fischer·

          In reference to your letter that was received by this
office on January 31, 1995, the indices search through our
central records system has been completed, and the file
responsive to your request has been located.  However, our review
of this information has determined the file to be entirely exempt
from disclosure by the following subsections of Title 5, United
States Code, Section 552 and 552a:

          (b)(7)   records or information compiled for law
                   enforcement purposes, but only to the extent
                   that the production of such law enforcement
                   records or information

                   (A)  could reasonably be expected to interfere
                        with enforcement proceedings;

          (j)(2)   Material reporting investigative efforts
                   pertaining to the enforcement of criminal law
                   including efforts to prevent, control, or
                   reduce crime or apprehend criminals, except
                   records of arrest.

          No review has been conducted for public source
information (1 e. newspaper clippings and court documents).  If
you desire this type of information, please advise us and a
search will be conducted.

          Appropriate fees will be charged, if applicable, for
public source information documents.

07 2037

**FILED**

NOV – 8 2007

**NANCY** MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Attachment B
2 of 2

To.  Mr. Fischer

        If you desire, you may submit an administrative appeal
from any denial contained herein.  Appeals should be directed in
writing to the Co-Director, Office of Information and Privacy,
Room 7238 MAIN, United States Department of Justice, Washington,
D.C.  20530, within 30 days from receipt of this letter.  The
envelope and the letter should be clearly marked "Freedom of
Information Appeal" or "Information Appeal."  Please cite the
name of the office to which your original request was directed.

                        Sincerely,


                        Donald E. Stukey II
                        Special Agent in Charge

Eugene A Fischer
32904-004
Box PMB
Atlanta, Ga    30315

95-0974   (A)
FOI
SIPO

April 18, 1995

FOIA Appeal

Co-Director
Office of Information and Privacy
Room 7238 MAIN
United States Department of Justice
Washington, D C    20530

Dear Sir/Madam

I am writing in regard to a letter from Mr Donald E Stukey II of the F B.I
office in Springfield Il dated March 30th and received on April 11, 1995
in which certain F O I A material I requested was refused

I hereby appeal this decision, based on the following

You quote the following subsections of Title 5, United States Code, Section 552
and 552a    (b)(7) and (j)(2)

In reviewing Exemption 7 , as amended, I find that the FOIA did not apply to
material which is   Investigatory records in general, but only if they would
(A) interfere with enforcement proceedings, (B) deprive a person of a fair
trial, (C) constitute an unwarranted invasion of personal privacy, (D) disclose
the identity of a confidential source, (E)  disclose investigative procedures,
(F) endanger the life of law enforcement personnel

I maintain that because of the time period involved that there can not be any
active investigations going on at this time   I further maintain that the material
requested does not  fall into any other of the categories listed above under
Exemption 7 , as amended

In general I do not believe that the exemption was to apply to all investigatory
information, but rather it was meant to be narrowed as outlined above

I therefore, request that the file or files found with regards to my request
be made available to me

This material is pertinent to my case   It should not jeopardize any current
investigations for it is all old information   It will not implicate any
informant not already known, nor disclose investigative methods, nor endanger
the life of any enforcement agent, nor deprive a person of a fair trial, nor
constitute an unwarranted invasion of personal privacy   All information
requested is information already known from other sources   The information
will however be relevant in allowing me to a fair trial outcome

I await your answer

Sincerely yours

Eugene A Fischer

07 2037

**FILED**

NOV - 8 2007

**NANCY** MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Attachment D*



' U S  Department of Justice

Office of Information and Privacy

---

*Telephone   (202) 514-3642*                                    *Washington D C  20530*

DEC 30 1996

Mr  Eugene A  Fischer
Register No  32904-004
Box PMB                               Re    Appeal No  95-0974
Atlanta, GA  30315                          RLH SAH PNC

Dear Mr  Fischer

     You appealed from the action of the Springfield Field Office
of the Federal Bureau of Investigation on your request for access
to records pertaining to yourself

     After careful consideration of your appeal, I have decided
to affirm the initial action in this case   The documents
responsive to your request are exempt from the access provision
of the Privacy Act of 1974 pursuant to 5 U S C  § 552a(j)(2)
See 28 C F R  § 16 96(a) (1996)   Accordingly, your access rights
are limited to those provided by the Freedom of Information Act
You are the subject of one Springfield Field Office main file
entitled "Organized Crime Drug Investigation "  This informa-
tion was properly withheld from you pursuant to 5 U S C
§ 552(b)(7)(A), which pertains to records or information com-
piled for law enforcement purposes, the release of which could
reasonably be expected to interfere with enforcement proceedings
This material is not appropriate for discretionary release .
Finally, please be advised that a search of the ELSUR index
of the Springfield Field Office was conducted and no records
responsive to your request could be located

     Your request for public source material is being handled
separately   You will be contacted directly by the FBI when it
has completed processing that information

     Judicial review of my action on this appeal is available to
you in the United States District Court for the judicial district
in which you reside, or in the District of Columbia, or in the
Central District of Illinois, which is where the records you seek
are located

                               Sincerely,   07 2037   **FILED**

                                                     NOV - 8 2007

                               Richard L  Huff    **NANCY** MAYER WHITTINGTON, CLERK
                               Co-Director            U.S. DISTRICT COURT

                                   *190-HQ-1200038*



**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

DEC 1 8 2006

Mr. Eugene Albert Fischer
Register No. 32904-004
Federal Correctional Institution          Re:    Appeal No. 99-0865
Post Office Box 1032                             Request No. 414039
Coleman, FL 33521                                ADW:JTR

Dear Mr. Fischer:

    You appealed from the action of the Headquarters Office of the Federal Bureau of Investigation on your request for access to records pertaining to yourself. I sincerely regret the substantial delay in responding to your appeal.

    After carefully considering your appeal, and as a result of discussions between FBI personnel and a member of my staff, I am remanding your request for further processing. Although the FBI properly invoked Exemption 7(A) of the Freedom of Information Act, 5 U.S.C. § 552(b)(7)(A), at the time your request was processed, that exemption, which pertains to records or information compiled for law enforcement purposes the release of which could reasonably be expected to interfere with enforcement proceedings, is no longer applicable to withhold the records in their entireties. Consequently, the FBI will send any and all releasable portions of them to you directly, subject to any applicable fees. You may appeal any future adverse determination made by the FBI.

    If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

                                    Sincerely,

                                    Daniel J. Metcalfe
                                    Director                              07 2037

**FILED**

NOV - 8 2007

**NANCY** MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

_file_

Eugene A. Fischer
32904-004
Federal Correctional Complex - Medium
Box 1032
Coleman, FL  33521-1032

Cert. # 7004 2510 0001 2271 1713

March 8, 2007

Mr. Daniel J. Metcalfe                    Ref: Appeal No. 99-0865
Director                                       Request No. 414039
Freedom of Information                    ADW:JTR
Office of Information and Privacy
U.S. Department of Justice
Washington, DC  20530

Dear Mr. Metcalfe:

This is my fourth letter since December 2006 when I received your
advisory letter that my appeal on my F.O.I.A. request of 1999 had
been granted. I enclose a copy of your letter.

I can't understand why you don't answer my letters. You have advised
me that you have advised the F.B.I. and they will send me "any and
all releasable portions" of the records which I requested.

I have not heard from the F.B.I. or heard anything from your office
since the Dec. 18th mailing.

Please respond.

If I don't hear from you within the next 15 days I will be forced to
place this matter with Congressman Nelson's office (Florida).

I believe I have been more than reasonable. I have  written you now
four times. It has been 11 weeks from your notification and not
even the F.B.I. offices have responded.  Also the original request
dates back over 8 years.

I await your response.

Sincerely yours,


Eugene A. Fischer


Encl(1)

07 2037

**FILED**

NOV · 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Eugene A. Fischer
32904-004
Federal Correctional Complex - Medium
Box 1032
Coleman, FL  33521-1032

March 22, 2007

Mr, David M. Hardy, Chief
Records/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Department of Justice
935 Pennsylvania Avenue, NW
Washington, DC  20535-0001

Dear Mr. Hardy:

I am writing in regards to a Freedom of Information request I
made in 1999 which was denied by your agency due to a claim of
an ongoing investigation.  I have been informed by the Office of
Information and Privacy, Department of Justice that my appeal of
this denial has been granted. See enclosed letter of Director
Daniel J. Metcalfe, December 18, 2006.

I wish to pursue my request now that my appeal has been granted.

Ms. Janice Gali McLeod, Associate Director, Office of Information
and Privacy has advised me that you were the party to contact with
regards to such processing.

I would appreciate your assistance in getting such requested
information. I understand that there is no charge for the first
100 pages of such a request. Kindly notify me as to any charge
for any copies beyond this.

I would appreciate an answer to this matter as soon as possible.

Thank you.

Sincerely yours,

Eugene A. Fischer

Encl(1)

Attachment F

3 of 6

Eugene A. Fischer
32904-004
FCI-2
Box 1500
Butner, NC 27509

June 5, 2007

Mr. David M. Hardy
Section Chief
Record/Information
Dissemination Section
Federal Bureau of Investigation
U.S. Department of Justice
935 Pennsylvania Avenue, N.W.
Washington, DC   20535-0001

Ref: Req. No. 0414039-001
     Subject:
     FISCHER, EUGENE ALBERT

Dear Mr. Hardy:

Please send me the 580 pages referenced in the attached two letters.

I agree to pay the overage over 100 pages, i.e. the estimated $48.00.

I await your remittance of the materials and the bill.

Please note the above is my correct address not the one on your letters.

Thank you.

Sincerely yours,

Eugene A. Fischer

Encl(2)

*Attachment F*

*4 of 6*

Eugene A. Fischer
32904-004
FCI-2
Box 1500
Butner, NC  27509

August 20, 2007

Mr. David M. Hardy                    Ref: Req. No. 0414039-001
Section Chief                         Subject: FISCHER, EUGENE ALBERT
Record/Information
Dissemination Section
Fedral Bureau of Investigation
U.S. Department of Justice
935 Pennsylvania Avenue, N.W.
Washington, DC  20535-0001

Dear Mr. Hardy:

    I am writing concerning a matter of great importance to me and of, what appears to be, of neglect or indifference on your part. It concerns a FOIA request which I originally made in 1999 for information concerning documents which you (the FBI) have with reference to a criminal investigation and case in which I was involved.

    In Dec. 18, 2006 I was notified by Mr. Daniel Metcalfe, Director of the Justice Department's Office of Information and Privacy, that he regretted the substantial delay in responding but that my appeal from 1999 had been granted. He told me that the FBI would send me such releaasable information as I had requested. I answered that I would pay for any such records over 100 pages and to please process my request ASAP.

    On April 13, 2007, after an exchange of another six letters, I received the enclosed letter from you stating that you had located 580 pages of responsive material to my request. You told me of the charges and asked if I wished to modify my request so that it might contain fewer pages. I answered, as soon as I got your letter, on June 5, 2007 saying I didn't want to change anything and that I would pay any charges at $0.10 per page over 100 pages.

    Since this letter from you I haven't heard anything further.

    Please process my request.

1

*Attachment F*

*5 of 6*

I believe it isn't improper to say that I have waited a long enough time; since 1999 on the original request and now since December 2006 on the revised granting of my request.

When can I expect to receive the documents?

An answer would be appreciated.

Sincerely yours,

Eugene A. Fischer

Encl(1)

Note: Please send any communication or information to my new address as on the top of this letter.

2

*Attachment F*

*6 of 6*

Eugene A. Fischer
32904-004
FCI-2
Box 1500
Butner, NC  27509

Sept. 16, 2007

Mr. David M. Hardy
Section Chief
Record/Information
Dissemination Section
Federal Bureau of Investigations          Ref: Req. No. 0414039-001
U.S. Depatment of Justice               Subject: FISCHER, EUGENE ALBERT
935 Pennsylvania Ave., N.W.
Wasahington, DC  20535-0001

Dear Mr. Hardy:

     I enclose a copy of a letter I sent you of Aug. 20th, 2007.
This is the fifth letter I have sent since December 2006.

     I have been waiting for these materials since 1999.

     In December I was told that they now could be given me.

     On April 13, 2007 you said you identified 580 pages of material.
You told me it would cost me $48 for the materials.  I agreed.

     But somehow I can't get you to send me the requested FOIA
materials.

     Please respond.

     Why can't I get the materials? Why can't I get any response?

If I don't have response in 10 days I shall have my daughter contact
the offices of her congressman, Nelson from Florida.

     Frankly I can't understand your not responding.

Sincerely yours,

Eugene A. Fischer


Encl(1)



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

April 13, 2007

MR EUGENE ALBERT FISCHER
**32904-004
BOX PMB
ATLANTA, GA 30315

Request No.: 0414039- 001
Subject: FISCHER, EUGENE ALBERT

Dear Requester:

This is in reference to your Freedom of Information-Privacy Acts (FOIPA) request.

We have located approximately _580_ pages which are potentially responsive to your request. Pursuant to Title 28, Code of Federal Regulations (CFR), Sections 16.11 and 16.49, there is a duplication fee of ten cents per page. The first 100 pages will be provided to you free of charge. Regulations require us to notify requesters when anticipated charges exceed $25, and if all of the pages are released, you will owe _$ 48.00_ in duplication fees. Please remember this is only an estimate, and if some of the pages are withheld or are not identifiable with your subject, the actual charges could be less.

You may want to consider reducing the scope of your request. This would allow you to lower your costs and hasten the receipt of your information. To streamline our operation, we divide our requests into three tracks based on the amount of material to be processed: small (1-500 pages); medium (501-2500 pages) and large (2501 or more pages), with the small track having the fastest rate of processing. To accelerate the processing of your request, you must reduce the pages to be processed to 500 pages or less. Please let us know in writing if you are interested in discussing the possibility of reducing the scope of your request or if you are willing to pay the estimated duplication cost indicated in the above paragraph. Your written response should provide a telephone number where you can be reached between the hours of 8:00 a.m. and 5:00 p.m., EST. You may also fax your response to the following number: 540-868-4996, Attention: Work Processing Unit. You must include the FOIPA request number in any communication regarding this matter.

As stated previously, the cost indicated is only an estimate, therefore, no payment should be made at this time.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

07 2037

**FILED**

NOV · 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Attachment H*
_____



**U.S. Department of Justice**

*1 of 2*
___

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

MR EUGENE ALBERT FISCHER                                                September 18, 2007
**32904-004
FEDERAL CORRECTIONAL INSTITUTION 2
POST OFFICE BOX 1500
BUTNER, NC 27509

Subject: FISCHER, EUGENE ALBERT

FOIPA No.  0414039- 001

Dear Mr. Fischer:

      The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision.  In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely.  The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

| Section 552 | Section 552 | Section 552a |
|---|---|---|
| ☐(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☒(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | ☒(b)(7)(C) | ☐(k)(1) |
| _____ | ☒(b)(7)(D) | ☐(k)(2) |
| _____ | ☐(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☐(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☒(b)(6) |  | ☐(k)(7) |

40 **page(s)** were reviewed and 34 **page(s)** are being released.

☐  Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA].  This information has been:

    ☐  referred to the OGA for review and direct response to you.

    ☐  referred to the OGA for consultation.  The FBI will correspond with you regarding this information when the consultation is finished.

07 2037

☒ You have the right to appeal any denials in this release.  Appeals should be directed in writing to the Director, Office of Information and Privacy, U.S. Department of Justice,1425 New York Ave., NW, Suite 11050, Washington, D.C.  20530-0001 within sixty days from the date of this letter.  The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal."  Please cite the FOIPA number assigned to your request so that it may be easily identified.

**FILED**

NOV - 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation. Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s). Our experience has shown, when ident, references usually contain information similar to the information processed in the main file(s). Because of our significant backlog, we have given priority to processing only the main investigative file(s). If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☒ See additional information which follows.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Records Management Division

Enclosure(s)

     Please be advised that the enclosed documents are maintained in a multiple subject investigation of which you were indexed as one of the subjects. In processing such a case pursuant to a FOIPA request, it is the practice of the FBI to address only that portion which specifically pertains to you rather than information pertaining to other subjects.



# EXPLANATION OF EXEMPTIONS

## SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute(A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could be reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could be reasonably expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

## SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)   information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

07 2037

(k)(5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FILED

NOV

FBI/DOJ


NANCY MAYER WHITTINGTON
U.S. DISTRICT COURT

Attachment J
1 of 3

RECEIVED
TELETYPE UNIT

17 SEP 94

FEDERAL
OFFICES

4/10

Dep. Dir.
ADD Adm.
ADD Inv.
Asst. Dir:
  Adm. Servs.
  Crim. Inv.
  Ident.
  Info. Mgm't.
  Insp.
  Intell.
  Lab.
  Legal Coun.
  Tech. Servs.
  Training
Cong. Affs. Off.
Off. of EEO
Off. Liaison &
  Int. Affs.
Off. of Public Affs.
Telephone Rm.
Director's Office

2015
5458

0275   MRI 01642

RR RUCNFB FBISI BER BRU

DE FBIMM #0010 2592018

ZNR UUUUU

R 162013Z SEP 94

FM FBI MIAMI (281B-SI-45838) (D-8) (P)

TO DIRECTOR FBI/ROUTINE/

FBI SPRINGFIELD/ROUTINE/

LEGAT BERN/ROUTINE/

LEGAT BRUSSELS/ROUTINE/

BT

UNCLAS                                    b7C
                                          b6

SECTION ONE OF THREE SECTIONS

CITE:  //3460//

PASS:  FBIHQ - CID: LIAS/FLU-1, OC/DOS#1; LEGAT BERN - ALAT

                              CARBONDALE RA.

180 DAYS
UPDATE

SUBJECT:                    ET AL; DRUG MATTER; OO:

SPRINGFIELD.

07 2037

     RE MIAMI TELS TO DIRECTOR ON 3/14/94 AND 5/13/94.

     THE PURPOSE OF THIS TEL IS TO PROVIDE LEGAT BRUSSELS, DUE

281B-SI-45838-36

C-7458

FILED

NOV · 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Attachment J

2 of 3

b7C
b6

PAGE TWO DE FBIMM 0010 UNCLAS

SYNOPSIS:

EUGENE ALBERT
FISCHER (FUGITIVE) AND OTHERS WERE INDICTED IN 1988 BY THE
SPRINGFIELD DIVISION FOR A NUMBER OF DRUG RELATED CHARGES.
ARE SERVING                EACH FOR
THEIR ROLES IN THE TRANSPORTATION AND DISTRIBUTION OF TONS OF
MARIJUANA AND COCAINE                BASED ON
INFORMATION PROVIDED BY THE SPRINGFIELD DIVISION,
MILLIONS OF U.S. DOLLARS DERIVED FROM

Attachment J
3 of 3

b7C
b7D
b6

PAGE THREE DE FBIMM 0010 UNCLAS

THEIR DRUG DISTRIBUTION IN EUROPEAN BANK ACCOUNTS. IT IS

FURTHER BELIEVED BY FBI SPRINGFIELD THAT EUGENE ALBERT FISCHER

(FUGITIVE) IS RESIDING UNDER A FICTITIOUS IDENTITY IN

SWITZERLAND.

Attachment K

b7C
b6

PAGE FIVE DE FBISI 0002 UNCLAS

DURING 1983 AND 1984, [          ] INDIVIDUALS INVESTED A
TOTAL OF [          ] WITH [                              ]
[          ] THIS MONEY WAS UTILIZED, ALONG WITH OTHER MONIES,
TO CONSTRUCT AND BEGIN OPERATIONS OF A CARD CASINO IN
CALIFORNIA [                              ] THIS CLUB WAS LATER
SEIZED BY THE GOVERNMENT AND CURRENTLY HAS A VALUE OF
APPROXIMATELY $155,000,000. THE U.S. GOVERNMENT IS CURRENTLY
IN THE PROCESS OF DISPOSING OF THIS ASSET. [                    ]
[   ] FISCHER WERE CONVICTED OF CONTINUING CRIMINAL ENTERPRISE
CHARGES AND ARE CURRENTLY SERVING MANDATORY LIFE SENTENCES.
[                              ]
[                    ] $30,000,000 WAS
ORDERED FORFEITED AGAINST FISCHER. [              ]
[                              ]

07 2037

**FILED**

NOV