UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

——————————————————————— )
EUGENE A. FISCHER,                           )
                                             )
            Plaintiff,                       )
                                             )
      v.                                     )        Civil Action No. 07CV2037 (ESH)
                                             )
F.B.I., <u>et al.</u>,                       )
                                             )
                                             )
            Defendants.                      )
——————————————————————— )

## <u>DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT</u>

Defendants[1] respectfully request that this Court dismiss plaintiff's claims for lack of

subject matter jurisdiction, and for failure to state a claim upon which relief can be granted,

pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  In the alternative, defendants respectfully

request that this Court grant summary judgment in their favor pursuant to Fed. R. Civ. P. 56, on

the grounds that no genuine issue of material fact exists and defendants are entitled to judgment

as a matter of law.  In support of this motion, defendants respectfully refer the Court to the

accompanying Memorandum of Points and Authorities in Support, Statement of Material Fact

Not in Dispute, as well as the Declaration of David M. Hardy.  A proposed Order consistent with

this Motion is attached hereto.[2]

———————————————

[1]  The Federal Bureau of Investigations and the Office of Information and Privacy are both
components of the Department of Justice, which is the proper defendant in this case.

[2]  Plaintiff, is hereby advised that failure to respond to this motion may result in the district court
granting the motion.  <u>See</u> <u>Fox v. Strickland</u>, 837 F.2d 507, 509 (D.C. Cir. 1988).  Plaintiff should
also take notice that any factual assertions contained in the affidavits and other attachments in
support of defendants' motion may be accepted by the Court as true unless the plaintiff submits

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney



_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney



_____/s/_____
KAREN L. MELNIK, D.C. Bar # 436452
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 307-1249
(202) 514-8780 (facsimile)

---

his own affidavits or other documentary evidence contradicting the assertions in the defendant's attachments.  See Neal v. Kelly, 963 F.2d 453, 457 (D.C. Cir. 1992).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
EUGENE A. FISCHER,                                  )
                                                    )
                    Plaintiff,                      )
                                                    )
            v.                                      )        Civil Action No. 07CV2037 (ESH)
                                                    )
F.B.I., et al.,                                     )
                                                    )
                                                    )
                    Defendants.                     )
_____)

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

_____Undisputed evidence shows that plaintiff has not exhausted his administrative remedies

under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  Therefore, his FOIA claims

should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), because this Court lacks subject matter

jurisdiction, and/or pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which

relief can be granted.  In the alternative, defendants respectfully request that this Court grant

summary judgment in their favor pursuant to Fed. R. Civ. P. 56, on the grounds that no genuine

issue of material fact exists and defendants are entitled to judgment as a matter of law.

### PROCEDURAL HISTORY AND FACTUAL BACKGROUND

By letter dated January 31, 1995, plaintiff submitted a FOIA/Privacy Act request to the

FBI Springfield Field Office ("SIFO") for:

> [A]ll records and/or data contained in the files of your agency pertaining to the
> following matters which are related to a criminal case the US brought against me
> (US v Fischer, Criminal No 87-40070):

1) Any investigation by your agency or other law enforcement agencies of which you may have records of federal judge James Foreman in the last ten years, concerning any criminal matters either directly or indirectly involving him. Specifically, information is being sought concerning Archie Bob Henderson and/or Donald Medley and any investigation of them which might mention or tie in any form James Foreman to any criminal investigations or trials of them

2) Information as to the criminal charges levied, the indictment dates, the judicial outcome, and the dates of incerceration of Archie Bob Henderson and/or Donald Medley from the year 1985 to the present

3) Any information concerning investigations and findings (including judicial procedures) of the government's cooperating witnesses with reference to the Lanier, et al marijuana case tried in federal court during or after the trial Specifically information is sought concerning any perjury allegations or verdicts concerning the witnesses Ronald Ball, Charles Podesta, Jeffrey Tuchband, David Tobias and Ronald Valentine

4) Copies of all indictments against Eugene A Fischer concerning the above mentioned case

5) Information as to the proceeds, methods of sale, and actions taken with regards to any property of Eugene A Fischer taken by the U S government as a result of this case

6) Copies of any 302 or other material concerning Ronald Valentine and his testimony as a cooperating witness in the above mentioned trial.[3]

---

[3] When a requester seeks information about a third-party for which no Privacy Act waiver form or proof of death is provided, the FBI will neither confirm nor deny the existence of responsive records, because to do so would affirm that an individual is mentioned in FBI records. See Hardy Decl. at n.2. Moreover, the mere mention of an individual's name in FBI records reflects that the person either came to the attention of or assisted the FBI during the course of the Bureau's law enforcement activities. See id. Affirming that FBI records exist on a third-party would violate an individual's privacy, resulting in potential embarrassment and stigma. See id. In addition, if a requester seeks information on a third-party whom the requester believes is an informant, affirming whether responsive records exist could expose the third-party to serious personal risk. See id. Plaintiff's requests for records concerning these individuals cannot be addressed by the FBI without either a notarized Privacy Act waiver form or proof of death form for these third-party individuals. See 5 U.S.C. § 552a(b) and 28 C.F.R. § 16.3(a).

See Declaration of David M. Hardy ("Hardy Decl.") at ¶ 5 and Exhibit A (attached thereto).[4]

By letter dated February 22, 1995, SIFO advised plaintiff that a search of the Central

Records System ("CRS") at SIFO disclosed potentially responsive cross-references,[5] however,

SIFO had yet reviewed these records to determine if they were responsive to plaintiff's request.

SIFO also advised plaintiff that they were making an effort to expedite the research and

processing of documents responsive to plaintiff's January 31, 1995 request, but due to the volume

of requests being processed by the SIFO, a delay was possible.  See Hardy Decl. at ¶ 6 and

Exhibit B (attached thereto).

By letter dated March 30, 1995, SIFO advised plaintiff that the CRS search had been

completed and a file responsive to his request had been located.  See Hardy Decl. at ¶ 7.  After

---

[4]  Plaintiff also made a request by letter dated August 20, 1996, to the SIFO for the following:

> all records your agency is in possession of concerning the investigation, charging
> and bringing of the criminal cases described in the attachment to this letter, and
> any reference, mention or investigation of Judge James Foreman relating thereto[,
> and] a copy of all records with regards to these cases and any references to Judge
> James Foreman, from all retrievable sources, including computer records,
> electronic surveillance, etc.

See Hardy Decl. at n.1 and Exhibit G (attached thereto).  Because this request was for the same
type of information requested by plaintiff in his January 31, 1995 request--for information on
himself--the FBI merged these two requests and assigned them the same FOIPA Request Number
414039.  See id.  By letter dated December 22,  2006, FBIHQ acknowledged receipt of plaintiff's
August 20, 1996 request for information on himself.  See id. and Exhibit K (attached thereto).
On February 6, 2007, the FBI's letter dated December 22, 2006 was returned to the FBI as
undeliverable.  See id. and Exhibit L (attached thereto).  The FBI has searched the notes related
to this request in order to determine why an acknowledgment letter was sent more than ten (10)
years after the request was submitted to the FBI.  The FBI was unable to locate an explanation for
this delay.  See id.

[5]  A cross-reference is defined as a mention of the subject of a request in a file on another
individual, organization, event, activity or the like.  See Hardy Decl. at n.3.

reviewing the file, it had been determined that the file was exempt from disclosure pursuant to

(j)(2) of the Privacy Act and FOIA Exemption (b)(7)(A).  See id.  Plaintiff was also advised that

no review had been conducted for public source information within this responsive file and if he

desired this type of search he should advise SIFO.  See id.  Plaintiff was also informed that he

could file an administrative appeal by writing to the Director, Office of Information and Privacy

("OIP"), United States Department of Justice ("DOJ"), within sixty days from the date of this

later.  See id. and Exhibit C (attached thereto).

By letter dated April 18, 1995, plaintiff advised SIFO that he wanted the FBI to review

the responsive records for the existence of public source information.  See Hardy Decl. at ¶ 8.

Plaintiff also agreed to pay appropriate fees.  See id. and Exhibit D (attached thereto).  By

separate letter to OIP, dated April 18, 1995, plaintiff appealed the FBI's response to his January

31, 1995 request.  See id. at ¶ 9 and Exhibit E (attached thereto).

By letter dated April 28, 1995, OIP advised plaintiff that his appeal was received on April

24, 1995.  See Hardy Decl. at ¶ 10.  Plaintiff was also informed of OIP's substantial backlog of

pending appeals and that his appeal was assigned Appeal Number 95-0974.  See id. and Exhibit

F (attached thereto).

By letter dated September 4, 1996, SIFO advised plaintiff that a review for public source

information was being conducted and that this information would be released after a fee

determination was made.  See id. at ¶ 11 and Exhibit H (attached thereto).  By letter dated

December 30, 1996, OIP affirmed the FBI's handling of plaintiff's requests.  See id. at ¶ 12.

Plaintiff was also advised that his request for public source material was being handled separately

and that he would be contacted directly by the FBI when the processing had been completed.  See

4

id.  Plaintiff was advised of his right to seek judicial review if he was dissatisfied with this

response.  See id. and Exhibit I (attached thereto)

By letter dated December 18, 2006, OIP remanded plaintiff's FOIPA Request Number

414039 for further processing.[6]  See Hardy Decl. at ¶ 13.  OIP stated that "although the FBI

properly invoked Exemption 7(A) of the Freedom of Information Act, 5 U.S.C. § 552(b)(7)(A),

at the time your request was processed, that exemption, which pertains to records of information

compiled for law enforcement purposes . . . is no longer applicable to withhold the records in

their entireties."  See id.  Plaintiff was advised of his right to seek judicial review if he was

dissatisfied with this response.  See id. and Exhibit J (attached thereto).[7]

By letter dated March 22, 2007, plaintiff advised that he was pursuing his request since

his appeal to OIP had been granted.  See Hardy Decl. at ¶ 14 and Exhibit M (attached thereto).

By letter dated April 13, 2007, the FBI advised plaintiff that approximately 580 pages were

---

[6]  The FBI has been unable to determine the reason why OIP responded a second time to
plaintiff's FOIA/Privacy Act appeal - - first in a letter dated December 30, 1996 and then again in
a letter dated December 18, 2006.  See Hardy Decl. at n.4.

[7]  In response to OIP's remand of FBI's response to plaintiff's requests, the FBI reprocessed the
following three main files of responsive records: 190-HQ-1200038, 281B-SI-45838 and 90A-
PH-73768.  See Hardy Decl. at ¶ 32.  These files were reprocessed and released to plaintiff on
September 18, 2007, and consisted of 40 pages being reviewed, three (3) pages being held in
their entireties and 37 pages being released with redactions taken pursuant to Privacy Act
Exemption (j)(2) and FOIA Exemptions (b)(2), (b)(6), (b)(7)(C), and (b)(7)(D).  See id.

FBIHQ reviewed file 281B-SI-45838 and determined that it is a file concerning multiple
subjects.  See id. at ¶ 33.  When processing a multiple subject file, only the documents deemed
responsive to the FOIA/Privacy Act request are processed.  See id.  When FBIHQ informed
plaintiff by letter dated April 30, 2007, that there were approximately 580 pages potentially
responsive, this was before the file was reviewed and non-responsive documents were discarded.
See id.  Once FBIHQ excluded all of the documents out of the scope of plaintiff's request, 40
pages were identified as being responsive to the request.  See id.

potentially responsive to FOIPA Request Number 414039 and that the FBI needed to know

whether plaintiff was willing to pay the anticipated duplication cost of $48.00.[8]  See id. at ¶ 15

and Exhibit N (attached thereto).

By letter dated May 14, 2007, the FBI advised plaintiff of the status of FOIPA Request

Number 414039.  See Hardy Decl. at ¶ 16.  Plaintiff was advised that his request was being

reviewed by an analyst and that if the records responsive to his request contained sensitive

national security information that the records would undergo a declassification review prior to

application of FOIA exemptions.  See id. and Exhibit O (attached thereto).

By letter dated June 5, 2007, plaintiff requested that the FBI send him the referenced 580

pages and stated that he agreed to pay the estimated cost of duplication.  See id. at ¶ 17.  Plaintiff

also provided his correct address.[9]  See id. and Exhibit P (attached thereto).

By letter dated September 18, 2007, FBIHQ advised that it had reviewed 40 pages and

was releasing 34 pages with redactions in response to FOIPA Request Number 414039.[10]  See id.

---

[8]  FBIHQ reviewed the file responsive to plaintiff's requests and determined that it is a file
concerning multiple subjects.  See Hardy Decl. at n.5.  When processing a multiple subject file,
only those documents which pertain to the individual about whom the request has been made are
processed; documents pertaining to non-requesting subject individuals are considered "out of
scope" and would not be processed in any event in the absence of a Privacy Act waiver or proof
of death.  See id.  When FBIHQ informed plaintiff by letter dated April 30, 2007, that there were
approximately 580 potentially responsive pages, this was before the file was reviewed and non-
responsive documents were eliminated.  See id.  Once FBIHQ excluded "out of scope"
documents from the file, only 40 pages were identified as being responsive to the plaintiff's
requests.  See id.

[9]  Plaintiff made the same request in letters dated June 1, 2007 and August 20, 2007.  See Hardy
Decl. at ¶ 17 n.6 and Exhibits Q and R (attached thereto).

[10]  Both plaintiff's January 31, 2005 and August 20, 1996 requests were assigned  FOIPA
Request Number 414039.  Accordingly, this September 18, 2007 response was made to both of
these requests, which were for the same records.  See Hardy Decl. at ¶ 18 n.7.

at ¶ 18.  Certain information was being withheld pursuant to FOIA Exemptions (b)(2), (b)(6), (b)(7)(C) and (b)(7)(D)[11].  See id.  Plaintiff was also advised that he could file an administrative appeal by writing to OIP within sixty days from the date of this letter.  See id. and Exhibit S (attached thereto).

On November 8, 2007, plaintiff filed a Complaint in the U.S. District Court for the District of Columbia for the present lawsuit.  See Complaint.  The FBI has confirmed that, as of this date, OIP has no record of receiving an administrative appeal from the FBI's September 18, 2007 response to plaintiff's requests.  See Hardy Decl. at ¶ 20.

In response to OIP's remand of FBI's response to plaintiff's requests, the FBI reprocessed the following three main files of responsive records: 190-HQ-1200038, 281B-SI-45838 and 90A-PH-73768.[12]  See Hardy Decl. at ¶ 32.  These files were reprocessed and released to plaintiff on or about September 18, 2007, and consisted of 40 pages being reviewed, three (3) pages being held in their entireties and 37 pages being released with redactions taken pursuant to Privacy Act Exemption (j)(2) and FOIA Exemptions (b)(2), (b)(6), (b)(7)(C), and (b)(7)(D).  See id.

FBIHQ reviewed files 281B-SI-45838 and 90A-PH-73768[13] and determined that it is a file concerning multiple subjects.  See id. at ¶ 33.  When processing a multiple subject file, only those documents which pertain to the individual about whom the request has been made are processed; documents pertaining to non-requesting subject individuals are considered "out of

---

[11]  Due to administrative oversight, the letter did not include Privacy Act Exemption (j)(2).  See Hardy Decl. at n.8.

[12]  These files were originally withheld in full pursuant to Exemption 7(A).

[13]  File 190-HQ-1200038 is a single subject file concerning plaintiff's January 31, 1995 FOIA/Privacy Act request.

scope" and would not be processed in any event in the absence of a Privacy Act waiver or proof of death.  See id.  When FBIHQ informed plaintiff by letter dated April 30, 2007, that there were approximately 580 potentially responsive pages, this was before the file was reviewed and non-responsive documents were eliminated.  See id.  Once FBIHQ excluded "out of scope" documents from the file, only 40 pages were identified as being responsive to plaintiff's requests.  See id.

In the absence of a specific request for a search for cross-references at the initial administrative level, the FBI's current policy is to search for and identify only "main" files responsive to FOIA/Privacy Act requests.  See id. at ¶ 34.  In this case, at the initial administrative level, plaintiff did not specifically request that a search be conducted for cross-references.  See id.  Upon further review, the FBI decided to search its indices to the CRS for cross-references.  See id.  This second search failed to locate any responsive cross-references at SIFO.  See id.  The FBI has searched all locations likely to yield documents responsive to plaintiff's FOIA/ Privacy Act requests to SIFO.  See id. at ¶¶ 21-31, 34.

## ARGUMENT

### I.    Legal Standards

#### A.    Requests For Dismissal

Defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(1), as the Court lacks jurisdiction over the subject matter.  "In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the Court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor."  Thompson v. Capitol Police Board, 120 F. Supp.2d 78, 81 (D.D.C. 2000) (citations omitted); see

8

also Vanover v. Hantman, 77 F. Supp.2d 91, 98 (D.D.C. 1999), aff'd 38 Fed. Appx. 4 (D.C. Cir. 2002). "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, 154 F. Supp. 2d 61, 64 (D.D.C. 2001), aff'd, 346 F.3d 192 (D.C. Cir. 2003), cert. denied, 125 S. Ct. 35 (2004). In addition, "[on] a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." Thompson, 120 F. Supp.2d at 81; Vanover, 77 F. Supp.2d at 98.

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of a complaint. Atchinson v. District of Columbia, 73 F. 3d 418, 421 (D.C. Cir. 1996). A complaint may be dismissed for failure to state a claim upon which relief may be granted, if the facts pled and reasonable inferences therefrom are legally insufficient to support the relief requested. Appleton v. United States, 69 F. Supp. 2d. 83, 86 (D.D.C. 1999); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000). A court should dismiss a complaint for failure to state a claim when the complaint fails "to raise a right to relief above the speculative level." E.g., Bell Atlantic v. Twombly, 1275 S.Ct. 1955, 1956 (2007). The court need not accept as true the plaintiff's legal conclusions. See Taylor v. FDIC, 132 F.3d 753, 762 (D.C. Cir. 1997). In determining whether a complaint fails to state a claim, the Court may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which it may take judicial notice. See E.E.O.C. v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624-625 (D.C. Cir. 1997). From the facts alleged in the complaint in this case, Plaintiff fails to state a claim for relief.

### B.      Evidentiary Standard for Summary Judgment

Where no genuine dispute exists as to any material fact, summary judgment is required.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  A genuine issue of material fact is one

that would change the outcome of the litigation.  Id. at 247.  "The burden on the moving party

may be discharged by 'showing'—that is, pointing out to the [Court]—that there is an absence of

evidence to support the non-moving party's case."  Sweats Fashions, Inc. v. Pannill Knitting

Company, Inc., 833 F.2d 1560, 1563 (Fed. Cir. 1987).  Once the moving party has met its

burden, the non-movant—here Plaintiff—may not rest on mere allegations, but must instead

proffer specific facts showing that a genuine issue exists for trial. Matsushita Elec. Indus. Co. v.

Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Thus, to avoid summary judgment here, Plaintiff

must present some objective evidence that would enable the court to find he is entitled to relief.

In Celotex Corp. v. Catrett, the Supreme Court held that, in responding to a proper

motion for summary judgment, the party who bears the burden of proof on an issue at trial must

"make a sufficient showing on an essential element of [his] case" to establish a genuine dispute.

477 U.S. 317, 322-23 (1986); see also Laningham v. Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987)

(the non-moving party is "required to provide evidence that would permit a reasonable jury to

find" in its favor).  In Celotex, the Supreme Court further instructed that the "[s]ummary

judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an

integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and

inexpensive determination of every action.'"  477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

10

**II.    Plaintiff's Claims Should Be Dismissed For Failure To Exhaust Administrative Remedies.**

Plaintiff must exhaust his administrative remedies before he can seek judicial review of a FOIA request.  Exhaustion of administrative remedies "is a mandatory prerequisite to a lawsuit under FOIA." Wilbur v. CIA, 355 F.3d 675, 676 (D.C. Cir. 2004)(per curiam)(citing Oglesby v. U.S. Dep't of the Army, 920 F.2d 57, 61-64, 65 n.9 (D.C. Cir. 1990)).  In Wilbur, the Court noted that it is not necessarily a jurisdictional requirement because "the FOIA does not unequivocally make it so." Id. at 677 (quoting Hidalgo v. FBI, 344 F.3d 1256, 1258 (D.C. Cir. 2003)). Nonetheless "as a jurisprudential doctrine, failure to exhaust precludes judicial review if 'the purposes of exhaustion' and the 'particular administrative scheme' support such a bar." Id. (quoting Hidalgo at 1258-59).  However, when a plaintiff's failure to exhaust administrative remedies does not comport with the purposes of exhaustion, his claim should be dismissed.  See Schoenman v. F.B.I., No. 04-2202CKK, 2006 WL 1582253, *12 (D.D.C. June 5, 2006) (plaintiff's FOIA count was dismissed because he did not provide proof that he exhausted his administrative remedies by filing a timely appeal); see also Bestor v. C.I.A., No. 04-2049RWR, 2005 WL 3273723, *3 (D.D.C. Sept. 1, 2005) (prudential considerations required court to dismiss FOIA complaint because FOIA request was filed on same day as complaint and thus would not allow purpose of administrative remedies to be served).  When a plaintiff fails to exhaust his administrative remedies, dismissal is appropriate under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  See Hidalgo, 344 F.3d at 1260; see also Bestor, 2005 WL 3273723 at *3.  Further, when a plaintiff fails to file a FOIA request, he cannot then state a valid claim against an agency.  See West v. Jackson, 448 F. Supp. 2d 207, 211

11

(D.D.C. 2006) (dismissing plaintiff's FOIA claim based upon agency affidavits which stated that no FOIA requests were received).

Like the FOIA, the Privacy Act includes an administrative exhaustion requirement under which an individual must make a request to the agency for access to, or amendment of, the agency's records. See 5 U.S.C. § 552a(f)(4) (requiring agencies to establish procedures for reviewing Privacy Act requests for access to or amendment of records and for considering appeals of initial adverse agency determinations). If not satisfied with the agency's response to such request, the individual must administratively appeal the agency's decision prior to seeking judicial review. See Haase v. Sessions, 893 F.2d 370, 373 (D.C. Cir. 1990); Clemmons v. U.S. Dept. of Justice, No. 06-00305RCL, 2007 WL 1020796, *5 (D.D.C. Mar. 30, 2007).

In this case, plaintiff has not exhausted his administrative remedies because he did not file an appeal with OIP regarding the FBI's September 18, 2007 response to his FOIA requests. See Hardy Decl. at ¶ 20. Plaintiff's failure to exhaust administrative remedies does not comport with the purposes of exhaustion; therefore, his claim should be dismissed. See Schoenman v. F.B.I., supra at *12 (plaintiff's FOIA count was dismissed because he did not provide proof that he exhausted his administrative remedies by filing a timely appeal). Alternatively, defendants have demonstrated that no genuine dispute exists as to any material fact; therefore, summary judgment is required. Anderson v. Liberty Lobby, Inc., supra, 477 U.S. 242 (1986).

## CONCLUSION

Defendants have demonstrated that it responded properly to plaintiff's FOIA request, releasing to him all records and portions thereof not exempted from disclosure, and that he has not taken an appeal of that decision. Therefore, plaintiff has not exhausted his administrative

12

remedies under the FOIA.  Accordingly, defendants respectfully request that their motion to dismiss for lack of subject matter jurisdiction, and/or for failure to state a claim, be granted.  In the alternative, defendants have demonstrated that no genuine dispute exists as to any material fact; thus, this Court should grant summary judgment.

Respectfully submitted,


   /s/                                     
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


   /s/                                     
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


   /s/                                     
KAREN L. MELNIK, D.C. Bar #436452
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 307-0338
(202) 514-8780 (facsimile)

13

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of February, 2008, I caused the foregoing to be served

on Plaintiff via first class United States Mail:

Eugene A. Fischer
Register No. 32904-004
FCI-2
Box 1500
Butner, NC 27509


_____/s/_____
KAREN L. MELNIK
Assistant United States Attorney

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| EUGENE A. FISCHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07CV2037 (ESH) |
| ) | |
| F.B.I., et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE**

Pursuant to Local Rule 7(h), defendants respectfully submit this statement of material

facts as to which it contends there is no genuine dispute.

1.    By letter dated January 31, 1995, plaintiff submitted a FOIA/Privacy Act request to the

FBI Springfield Field Office ("SIFO") for:

> [A]ll records and/or data contained in the files of your agency pertaining to the
> following matters which are related to a criminal case the US brought against me
> (US v Fischer, Criminal No 87-40070):
>
> 1) Any investigation by your agency or other law enforcement agencies of which
> you may have records of federal judge James Foreman in the last ten years,
> concerning any criminal matters either directly or indirectly involving him.
> Specifically, information is being sought concerning Archie Bob Henderson
> and/or Donald Medley and any investigation of them which might mention or tie
> in any form James Foreman to any criminal investigations or trials of them
>
> 2) Information as to the criminal charges levied, the indictment dates, the judicial
> outcome, and the dates of incarceration of Archie Bob Henderson and/or Donald
> Medley from the year 1985 to the present
>
> 3) Any information concerning investigations and findings (including judicial
> procedures) of the government's cooperating witnesses with reference to the
> Lanier, et al marijuana case tried in federal court during or after the trial

Specifically information is sought concerning any perjury allegations or verdicts concerning the witnesses Ronald Ball, Charles Podesta, Jeffrey Tuchband, David Tobias and Ronald Valentine

4) Copies of all indictments against Eugene A Fischer concerning the above mentioned case

5) Information as to the proceeds, methods of sale, and actions taken with regards to any property of Eugene A Fischer taken by the U S government as a result of this case

6) Copies of any 302 or other material concerning Ronald Valentine and his testimony as a cooperating witness in the above mentioned trial.[1]

See Declaration of David M. Hardy ("Hardy Decl.") at ¶ 5 and Exhibit A (attached thereto).

2.      By letter dated March 30, 1995, SIFO advised plaintiff that the Central Records Search had been completed and a file responsive to his request had been located. See Hardy Decl. at ¶ 7. After reviewing the file, it had been determined that the file was exempt from disclosure pursuant to (j)(2) of the Privacy Act and FOIA Exemption (b)(7)(A). See id. Plaintiff was also advised that no review had been conducted for public source information within this responsive file and if he desired this type of search he should

---

[1] When a requester seeks information about a third-party for which no Privacy Act waiver form or proof of death is provided, the FBI will neither confirm nor deny the existence of responsive records, because to do so would affirm that an individual is mentioned in FBI records. See Hardy Decl. at n.2. Moreover, the mere mention of an individual's name in FBI records reflects that the person either came to the attention of or assisted the FBI during the course of the Bureau's law enforcement activities. See id. Affirming that FBI records exist on a third-party would violate an individual's privacy, resulting in potential embarrassment and stigma. See id. In addition, if a requester seeks information on a third-party whom the requester believes is an informant, affirming whether responsive records exist could expose the third-party to serious personal risk. See id. Plaintiff's requests for records concerning these individuals cannot be addressed by the FBI without either a notarized Privacy Act waiver form or proof of death form for these third-party individuals. See 5 U.S.C. § 552a(b) and 28 C.F.R. § 16.3(a).

2

advise SIFO.  See id.  Plaintiff was also informed that he could file an administrative appeal by writing to the Director, Office of Information and Privacy ("OIP"), United States Department of Justice ("DOJ"), within sixty days from the date of this later.  See id. and Exhibit C (attached thereto).

3.    By letter dated September 4, 1996, SIFO advised plaintiff that a review for public source information was being conducted and that this information would be released after a fee determination was made.  See id. at ¶ 11 and Exhibit H (attached thereto).  By letter dated December 30, 1996, OIP affirmed the FBI's handling of plaintiff's requests.  See id. at ¶ 12.  Plaintiff was also advised that his request for public source material was being handled separately and that he would be contacted directly by the FBI when the processing had been completed.  See id.  Plaintiff was advised of his right to seek judicial review if he was dissatisfied with this response.  See id. and Exhibit I (attached thereto)

4.    By letter dated December 18, 2006, OIP remanded plaintiff's FOIPA Request Number 414039 for further processing.  See Hardy Decl. at ¶ 13.  OIP stated that "although the FBI properly invoked Exemption 7(A) of the Freedom of Information Act, 5 U.S.C. § 552(b)(7)(A), at the time your request was processed, that exemption, which pertains to records of information compiled for law enforcement purposes . . . is no longer applicable to withhold the records in their entireties."  See id.  Plaintiff was advised of his right to seek judicial review if he was dissatisfied with this response.  See id. and Exhibit J (attached thereto).

5.    By letter dated March 22, 2007, plaintiff advised that he was pursuing his request since his appeal to OIP had been granted.  See Hardy Decl. at ¶ 14 and Exhibit M (attached

thereto).  By letter dated April 13, 2007, the FBI advised plaintiff that approximately 580 pages were potentially responsive to FOIPA Request Number 414039 and that the FBI needed to know whether plaintiff was willing to pay the anticipated duplication cost of $48.00.  See id. at ¶ 15 and Exhibit N (attached thereto).

6.      By letter dated May 14, 2007, the FBI advised plaintiff that his request was being reviewed by an analyst and that if the records responsive to his request contained sensitive national security information that the records would undergo a declassification review prior to application of FOIA exemptions.  See id. and Exhibit O (attached thereto) By letter dated June 5, 2007, plaintiff requested that the FBI send him the referenced 580 pages and stated that he agreed to pay the estimated cost of duplication.  See id. at ¶ 17.

7.      By letter dated September 18, 2007, FBIHQ advised that it had reviewed 40 pages and was releasing 34 pages with redactions in response to FOIPA Request Number 414039.[2] See id. at ¶ 18.  Certain information was being withheld pursuant to FOIA Exemptions (b)(2), (b)(6), (b)(7)(C) and (b)(7)(D).[3]  See id.  Plaintiff was also advised that he could file an administrative appeal by writing to OIP within sixty days from the date of this letter.  See id. and Exhibit S (attached thereto).

8.      On February 11, 2008, the FBI confirmed that OIP has no record of receiving an administrative appeal of FBI's September 18, 2007 response to plaintiff's requests.  See

---

[2]  Both plaintiff's January 31, 2005 and August 20, 1996 requests were assigned  FOIPA Request Number 414039.  Accordingly, this September 18, 2007 response was made to both of these requests, which were for the same records.  See Hardy Decl. at ¶ 18 n.7.

[3]  Due to administrative oversight, letter did not include Privacy Act Exemption (j)(2). See Hardy Decl. at n.8.

4

Hardy Decl. at ¶ 20.

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____/s/_____
KAREN L. MELNIK DC BAR # 436452
Assistant United States Attorney
555 4TH Street, N.W. Rm. E-4112
Washington, D.C. 20530
(202) 307-0338

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| EUGENE ALBERT FISCHER,<br><br>        Plaintiff,<br><br>        v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br>        et al.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>) Civ. A. No. 07-2037 (ESH)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)     I am currently the Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), at Federal Bureau of Investigation Headquarters ("FBIHQ") in Washington, D.C. I have held this position since August 1, 2002. Prior to my joining the Federal Bureau of Investigation ("FBI"), from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters. I am also an attorney who has been licensed to practice law in the State of Texas since 1980.

(2)     In my official capacity as Section Chief of RIDS, I supervise approximately 208 employees who staff a total of ten (10) FBIHQ units and a field operational service center unit

whose collective mission is to effectively plan, develop, direct, and manage responses to requests for access to the FBI records and information pursuant to the FOIA; Privacy Act; Executive Order 12958, as amended; Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives.  The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3)     Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a.  Specifically, I am aware of the FBI's treatment of the FOIA/Privacy Act requests made by plaintiff Eugene Albert Fischer, who seeks access to records concerning himself.

(4)     As of this date, the FBI has processed a total of 40 pages responsive to plaintiff's requests, and has released to plaintiff a total of 15 pages in full, and 22 pages in part.  The remaining 3 pages have been withheld in their entireties.  The purpose of this declaration is to provide the Court and plaintiff with an explanation of the procedures used to search for records responsive to plaintiff's requests and in support of defendant's dispositive motion.

2

**CORRESPONDENCE FOR FOIPA REQUEST NUMBER 414039[1]**

(5)     By letter dated January 31, 1995, plaintiff submitted a FOIA/Privacy Act request

to the FBI Springfield Field Office ("SIFO") for:

> [A]ll records and/or data contained in the files of your agency pertaining to the
> following matters which are related to a criminal case the US brought against me
> (US v Fischer, Criminal No 87-40070):
>
> 1) Any investigation by your agency or other law enforcement agencies of which
> you may have records of federal judge James Foreman in the last ten years,
> concerning any criminal matters either directly or indirectly involving him.
> Specifically, information is being sought concerning Archie Bob Henderson
> and/or Donald Medley and any investigation of them which might mention or tie
> in any form James Foreman to any criminal investigations or trials of them
>
> 2) Information as to the criminal charges levied, the indictment dates, the judicial
> outcome, and the dates of incarceration of Archie Bob Henderson and/or Donald
> Medley from the year 1985 to the present
>
> 3) Any information concerning investigations and findings (including judicial

---

[1] Plaintiff also made a request by letter dated August 20, 1996, to the SIFO for the
following:

> all records your agency is in possession of concerning the investigation, charging
> and bringing of the criminal cases described in the attachment to this letter, and
> any reference, mention or investigation of Judge James Foreman relating thereto[,
> and] a copy of all records with regards to these cases and any references to Judge
> James Foreman, from all retrievable sources, including computer records,
> electronic surveillance, etc.

**(See Exhibit G.)** Because this request was for the same type of information requested by
plaintiff in his January 31, 1995 request--for information on himself--the FBI merged these two
requests and assigned them the same FOIPA Request Number 414039. By letter dated December
22, 2006, FBIHQ acknowledged receipt of plaintiff's August 20, 1996 request for information
on himself. **(See Exhibit K.)** On February 6, 2007, the FBI's letter dated December 22, 2006
was returned to the FBI as undeliverable. **(See Exhibit L.)** The FBI has searched the notes
related to this request in order to determine why an acknowledgment letter was sent more than
ten (10) years after the request was submitted to the FBI. The FBI was unable to locate an
explanation for this delay.

procedures) of the government's cooperating witnesses with reference to the Lanier, et al marijuana case tried in federal court during or after the trial Specifically information is sought concerning any perjury allegations or verdicts concerning the witnesses Ronald Ball, Charles Podesta, Jeffrey Tuchband, David Tobias and Ronald Valentine

4) Copies of all indictments against Eugene A Fischer concerning the above mentioned case

5) Information as to the proceeds, methods of sale, and actions taken with regards to any property of Eugene A Fischer taken by the U S government as a result of this case

6) Copies of any 302 or other material concerning Ronald Valentine and his testimony as a cooperating witness in the above mentioned trial.[2]

(See Exhibit A.)

(6)     By letter dated February 22, 1995, SIFO advised plaintiff that a search of the

Central Records System ("CRS") at SIFO disclosed potentially responsive cross-references,[3]

however, SIFO had yet to review these records to determine if they were responsive to plaintiff's

request.  SIFO also advised plaintiff that they were making an effort to expedite the research and

---

[2] When a requester seeks information about a third-party for which no Privacy Act waiver form or proof of death is provided, the FBI will neither confirm nor deny the existence of responsive records, because to do so would affirm that an individual is mentioned in FBI records. Moreover, the mere mention of an individual's name in FBI records reflects that the person either came to the attention of or assisted the FBI during the course of the Bureau's law enforcement activities. Affirming that FBI records exist on a third-party would violate an individual's privacy, resulting in potential embarrassment and stigma. In addition, if a requester seeks information on a third-party whom the requester believes is an informant, affirming whether responsive records exist could expose the third-party to serious personal risk. Plaintiff's requests for records concerning these individuals cannot be addressed by the FBI without either a notarized Privacy Act waiver form or proof of death form for these third-party individuals. See 5 U.S.C. § 552a(b) and 28 C.F.R. § 16.3(a).

[3] A cross-reference is defined as a mention of the subject of a request in a file on another individual, organization, event, activity or the like.

4

processing of documents responsive to plaintiff's January 31, 1995 request, but due to the volume

of requests being processed by the SIFO, a delay was possible. **(See Exhibit B.)**

(7) By letter dated March 30, 1995, SIFO advised plaintiff that the CRS search had

been completed and a file responsive to his request had been located. After reviewing the file, it

had been determined that the file was exempt from disclosure pursuant to (j)(2) of the Privacy

Act and FOIA Exemption (b)(7)(A). Plaintiff was also advised that no review had been

conducted for public source information within this responsive file and if he desired this type of

search he should advise SIFO. Plaintiff was also informed that he could file an administrative

appeal by writing to the Co-Director, Office of Information and Privacy ("OIP"), United States

Department of Justice ("DOJ"), within sixty days from the date of this later. **(See Exhibit C.)**

(8) By letter dated April 18, 1995, plaintiff advised SIFO that he wanted the FBI to

review the responsive records for the existence of public source information. Plaintiff also

agreed to pay appropriate fees. **(See Exhibit D.)**

(9) By separate letter to OIP, dated April 18, 1995, plaintiff appealed the FBI's

response to his January 31, 1995 request. **(See Exhibit E.)**

(10) By letter dated April 28, 1995, OIP advised plaintiff that his appeal was received

on April 24, 1995. Plaintiff was also informed of OIP's substantial backlog of pending appeals

and that his appeal was assigned Appeal Number 95-0974. **(See Exhibit F.)**

(11) By letter dated September 4, 1996, SIFO advised plaintiff that a review for public

source information was being conducted and that this information would be released after a fee

determination was made. **(See Exhibit H.)**

(12)    By letter dated December 30, 1996, OIP affirmed the FBI's handling of plaintiff's request. Plaintiff was also advised that his request for public source material was being handled separately and that he would be contacted directly by the FBI when the processing had been completed. Plaintiff was advised of his right to seek judicial review if he was dissatisfied with this response. **(See Exhibit I.)**

(13)    By letter dated December 18, 2006, OIP remanded plaintiff's FOIPA Request Number 414039 for further processing.[4] OIP stated that "although the FBI properly invoked Exemption 7(A) of the Freedom of Information Act, 5 U.S.C. § 552(b)(7)(A), at the time your request was processed, that exemption, which pertains to records of information compiled for law enforcement purposes...is no longer applicable to withhold the records in their entireties." Plaintiff was advised of his right to seek judicial review if he was dissatisfied with this response. **(See Exhibit J.)**

(14)    By letter dated March 22, 2007, plaintiff advised that he was pursuing his request since his appeal to OIP had been granted. **(See Exhibit M.)**

(15)    By letter dated April 13, 2007, the FBI advised plaintiff that approximately 580 pages were potentially responsive to FOIPA Request Number 414039 and that the FBI needed to

---

[4] The FBI has been unable to determine the reason why OIP responded a second time to plaintiff's FOIA/Privacy Act appeal--first in a letter dated December 30, 1996 and then again in a letter dated December 18, 2006.

6

know whether plaintiff was willing to pay the anticipated duplication cost of $48.00.[5] (See Exhibit N.)

(16)    By letter dated May 14, 2007, the FBI advised plaintiff of the status of FOIPA Request Number 414039. Plaintiff was advised that his request was being reviewed by an analyst and that in the event that the records responsive to his request contained sensitive national security information the records would undergo a declassification review prior to application of FOIA exemptions. (See Exhibit O.)

(17)    By letter dated June 5, 2007, plaintiff requested that the FBI send him the referenced 580 pages and stated that he agreed to pay the estimated cost of duplication. Plaintiff also provided his correct address.[6]    (See Exhibit P.)

(18)    By letter dated September 18, 2007, FBIHQ advised that it had reviewed 40 pages and was releasing 34 pages with redactions in response to FOIPA Request Number 414039.[7] Certain information was being withheld pursuant to FOIA Exemptions (b)(2), (b)(6), (b)(7)(C)

---

[5] FBIHQ reviewed the file responsive to plaintiff's requests and determined that it is a file concerning multiple subjects. When processing a multiple subject file, only those documents which pertain to the individual about whom the request has been made are processed; documents pertaining to non-requesting subject individuals are considered "out of scope" and would not be processed in any event in the absence of a Privacy Act waiver or proof of death. When FBIHQ informed plaintiff by letter dated April 30, 2007, that there were approximately 580 potentially responsive pages, this was before the file was reviewed and non-responsive documents were eliminated. Once FBIHQ excluded "out of scope" documents from the file, only 40 pages were identified as being responsive to the plaintiff's requests.

[6] Plaintiff sent in the same type of correspondence to the FBI in letters dated June 1, 2007 and August 20, 2007. (See Exhibits Q & R.)

[7] Both plaintiff's January 31, 2005 and August 20, 1996 requests were assigned FOIPA Request Number 414039. Accordingly, this September 18, 2007 response was made to both of these requests, which were for the same records.

7

and (b)(7)(D)[8]. Plaintiff was also advised that he could file an administrative appeal by writing to OIP within sixty days from the date of this letter.   **(See Exhibit S.)**

(19)    On November 7, 2007, plaintiff filed a Complaint in the U.S. District Court for the District of Columbia for the present lawsuit.

(20)    The FBI has confirmed that, as of this date, OIP has no record of receiving an administrative appeal from the FBI's September 18, 2007 response to plaintiff's requests. Therefore, plaintiff has failed to exhaust the administrative remedies available to him prior to filing this Complaint.

## EXPLANATION OF THE FBI'S CENTRAL RECORDS SYSTEM

(21)    The Central Records System ("CRS") enables the FBI to maintain all information which it has acquired in the course of fulfilling its mandated law enforcement responsibilities. The records maintained in the CRS consist of administrative, applicant, criminal, personnel, and other files compiled for law enforcement purposes. CRS is organized into a numerical sequence of files, called FBI "classifications," which are broken down according to subject matter. The subject matter of a file may correspond to an individual, organization, company, publication, activity, or foreign intelligence matter (or program). Certain records in the CRS are maintained at FBIHQ. Records that are pertinent to specific field offices of the FBI are maintained in those field offices. Although the CRS is primarily designed to serve as an investigative tool, the FBI utilizes the CRS to conduct searches that are likely to yield documents responsive to FOIA/Privacy Act requests. The mechanism that the FBI uses to search the CRS is the Automated Case Support System ("ACS").

---

[8]  Due to administrative oversight, the letter did not include Privacy Act Exemption (j)(2).

8

(22)    The ACS was implemented for all Field Offices, Legal Attaches ("Legats"), and

FBIHQ in order to consolidate portions of the CRS that were previously automated.  ACS can be

described as an internal computerized subsystem of the CRS.  Because the CRS cannot

electronically query the case files for data, such as an individual's name or social security

number, the required information is duplicated and moved to the ACS so that it can be searched.

More than 105 million records from the CRS were converted from automated systems previously

utilized by the FBI.  Automation did not change the CRS; instead, automation has facilitated

more economic and expeditious access to records maintained in the CRS.

(23)    The retrieval of data from the CRS is made possible through the ACS using the

General Indices, which are arranged in alphabetical order.[9]  The entries in the General Indices fall

into two categories:

> (a)  A "main" entry --- A "main" entry, or "main" files, carries the name
> corresponding with a subject of a file contained in the CRS.
>
> (b)  A "reference" entry --- "Reference" entries, sometimes called
> "cross-references," are generally only a mere mention or reference to an
> individual, organization, or other subject matter, contained in a document
> located in another "main" file on a different subject matter.

(24)    Searches made in the General Indices to locate records concerning a particular

subject, such as Eugene Albert Fischer, are made by searching the subject requested in the index.

(25)    The ACS consists of three integrated, yet separately functional, automated

applications that support case management functions for all FBI investigative and administrative

cases:

---

[9]  The General Indices are not only automated but also include index cards which allow a
manual search for records that pre-date the implementation of ACS on October 16, 1995.

     (a)       Investigative Case Management ("ICM") – ICM provides the ability to open, assign, and close investigative and administrative cases as well as set, assign, and track leads. The Office of Origin ("OO"), which sets leads for itself and other field offices, as needed, opens a case. The field offices that receive leads from the OO are referred to as Lead Offices ("LOs"). When a case is opened, it is assigned a Universal Case File Number ("UCFN"), which is used by all FBIHQ, as well as all FBI field offices and Legats that are conducting or assisting in the investigation. Using file number "281B-SI-45838" as an example, an explanation of the UCFN is as follows: "281" indicates the classification for the specific type of investigation, in this case Criminal Enterprise; "SI" is the abbreviated form used for the OO of the investigation, which in this case is SIFO; and "45838" denotes the individual case file number for the particular investigation.

     (b)       Electronic Case File ("ECF") – ECF serves as the central electronic repository for the FBI's official text-based documents. ECF supports the universal serial concept in that only the creator of a document serializes it into a file. This provides a single-source entry of serials into the computerized ECF system. All original serials are maintained in the OO case file.

     (c)       Universal Index ("UNI") – UNI continues the universal concepts of ACS by providing a complete subject/case index to all investigative and administrative cases. Only the OO is required to index; however, the LOs may index additional information as needed. UNI, an index of approximately 100.2 million records, functions to index names to cases, and to search names and cases for use in FBI investigations. Names of individuals or organizations are recorded with identifying applicable information such as date or place of birth, race, sex, locality,

Social Security number, address, and/or date of event.

(26)    The decision to index names other than subjects, suspects, and victims is a discretionary decision made by the investigative FBI Special Agent ("SA") assigned to work on the investigation, the Supervisory SA ("SSA") in the field office conducting the investigation, and the SSA at FBIHQ. The FBI does not index every name in its files; rather, it indexes only that information considered pertinent, relevant, or essential for future retrieval. Without a "key" (index) to this enormous amount of data, information essential to ongoing investigations could not be readily retrieved. The FBI files would thus be merely archival in nature and could not be effectively used to serve the mandated mission of the FBI, which is to investigate violations of federal criminal and national security statutes. Therefore, the General Indices to the CRS files are the means by which the FBI can determine what retrievable information, if any, the FBI may have in its CRS files on a particular subject matter or individual, i.e., Eugene A. Fischer.

## SURVEILLANCE ("ELSUR") INDICES

(27)    The Electronic Surveillance ("ELSUR") indices are used to maintain information on a subject whose electronic and/or voice communications have been intercepted as the result of a consensual electronic surveillance or a court-ordered (and/or sought) electronic surveillance conducted by the FBI. The ELSUR indices date back to January 1, 1960. On or about October 9, 1991, the ELSUR indices were automated. Since that time, FBIHQ and all FBI field offices have electronically generated, maintained, modified and accessed all ELSUR records.

(28)    The ELSUR indices are a separate system of records from the CRS. Prior to automation, the ELSUR indices consisted of index cards on individuals who had been the subject of a microphone or telephone surveillance by the FBI from 1960. As stated above, the previous

11

manual index card system was converted to an automated system on or about October 9, 1991. These indices include individuals who were the (a) targets of direct surveillance, (b) participants in monitored conversations, and (c) owners, leasers, or licensors of the premises where the FBI conducted electronic surveillance. In addition to the names of individuals in the above categories, the cards in the ELSUR index contain the date the voice was monitored, a source number to identify the individual on whom the surveillance was installed, and the location of the FBI field office that conducted the monitoring.

(29)    The ELSUR indices are published as a separate records system in the Federal Register because not all names contained in the ELSUR index can be retrieved through the General Index and CRS.  See 52 Fed. Reg. 8482 (1992).

(30)    The FBI field offices that have conducted electronic surveillance at any time from 1960 to the present also maintain ELSUR indices.  Since January 1, 1960, the field offices have been including in their ELSUR indices – and reporting to FBIHQ for inclusion in its index – the names of all persons whose voices have been monitored through a FBI microphone installation or a telephone surveillance.  The names of monitored subjects are retrievable through the FBIHQ or local field office ELSUR indices.

(31)    Until 1969, FBI field offices were also required to forward the names of all persons mentioned during monitored conversations to FBIHQ for inclusion in the FBIHQ ELSUR index.  Although FBIHQ discontinued this requirement in 1969, some field offices still include the names of individuals mentioned in monitored conversations in the field office's ELSUR index.  However, the names of such persons cannot be retrieved through the FBIHQ.

12

ELSUR index.  The search of the ELSUR index located no ELSUR records responsive to plaintiff's requests.

## SEARCH FOR RECORDS RESPONSIVE TO PLAINTIFF'S REQUESTS

(32)    In response to OIP's remand of FBI's response to plaintiff's requests, the FBI reprocessed the following three main files of responsive records: 190-HQ-1200038, 281B-SI-45838 and 90A-PH-73768.[10]  These files were reprocessed and released to plaintiff on or about September 18, 2007, and consisted of 40 pages being reviewed, three (3) pages being held in their entireties and 37 pages being released with redactions taken pursuant to Privacy Act Exemption (j)(2) and FOIA Exemptions (b)(2), (b)(6), (b)(7)(C), and (b)(7)(D).

(33)    FBIHQ reviewed files 281B-SI-45838 and 90A-PH-73768[11] and determined that it is a file concerning multiple subjects.  When processing a multiple subject file, only those documents which pertain to the individual about whom the request has been made are processed; documents pertaining to non-requesting subject individuals are considered "out of scope" and would not be processed in any event in the absence of a Privacy Act waiver or proof of death. When FBIHQ informed plaintiff by letter dated April 30, 2007, that there were approximately 580 potentially responsive pages, this was before the file was reviewed and non-responsive documents were eliminated.  Once FBIHQ excluded "out of scope" documents from the file, only 40 pages were identified as being responsive to plaintiff's requests.

---

[10] These files were originally withheld in full pursuant to Exemption 7(A).

[11] File 190-HQ-1200038 is a single subject file concerning plaintiff's January 31, 1995 FOIA/Privacy Act request.

(34)    In the absence of a specific request for a search for cross-references at the initial administrative level, the FBI's current policy is to search for and identify only "main" files responsive to FOIA/Privacy Act requests. In this case, at the initial administrative level, plaintiff did not specifically request that a search be conducted for cross-references. Upon further review, the FBI decided to search its indices to the CRS for cross-references. This second search failed to locate any responsive cross-references at SIFO. The FBI has searched all locations likely to yield documents responsive to plaintiff's FOIA/ Privacy Act requests to SIFO. A search of the ELSUR indices was also negative.

## CONCLUSION

(35)    The FBI has provided plaintiff with all records responsive to his FOIA/Privacy Act requests to the FBI. The FBI has processed and released all reasonably segregable information from these records. Furthermore, the FBI has confirmed that OIP has no record of receiving an administrative appeal from plaintiff following the FBI's processing and release of 37 out of the 40 responsive pages. Therefore, plaintiff has failed to exhaust his administrative remedies prior to filing this Complaint.

Executed this 13 day of February, 2008.


DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Washington, D.C.

14

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EUGENE ALBERT FISCHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 07-CV-2037(ESH) |
| v. | ) |
| | ) |
| FEDERAL BUREAU OF INVESTIGATION, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

# EXHIBIT A

Eugene A Fischer
32904-004
Box PMB
Atlanta, Ga    30315

— US Penitentiary

Let sent to Carbondale

January 31, 1995

Robert Dueker and Lawrence Davis
F B I offices
250 W . Cherry St
Suite 308
Carbondale, Il    62901

Dear Mssrs Dueker and Davis

This letter will serve as my request pursuant to the provisions of the Freedom
of Information Act (5 U S C 552) and the Privacy Act (5 U S C 52a (d)(1),
for full disclosure and release of all records and/or data contained in the
files of your agency pertaining to the following matters which are related to a
criminal case the U S brought against me (U S v Fischer, Criminal No
87-40070)

   1) Any investigation by your agency or other law enforcement agencies
     of which you may have records of federal judge James Foreman in the
     last ten years, concerning any criminal matters either directly or
     indirectly involving him   Specifically, information is being sought
     concerning Archie Bob Henderson and/or Donald Medley and any
     investigation of them which might mention or tie in any form
     James Foreman to any criminal investigations or trials of them

   2) Information as to the criminal charges levied, the indictment dates,
     the judicial outcome, and the dates of incerceration of Archie
     Bob Henderson and/or Donald Medley from the year 1985 to the present

   3) Any information concerning investigations and findings (including
     judicial procedures) of the government's cooperating witnesses with
     reference to the Lanier, et al  marijuana case tried in federal court
     in the 7th district in 1988, such data being for the period before,
     during or after the trial   Specifically information is sought
     concerning any perjury allegations or verdicts concerning the witnesses
     Ronald Ball, Charles Podesta, Jeffrey Tuchband, David Tobias and
     Ronald Valentine

   4) Copies of all indictments against Eugene A Fischer concerning the
     above mentioned case

   5) Information as to the proceeds, methods of sale, and actions taken
     with regards to any property of Eugene A Fischer taken by the
     U S government as a result of this case

   6) Copies of any 302 or other material concerning Ronald Valentine and
     his testimony as a cooperating witness in the above mentioned trial

It is further requested that your agency provide me with a copy of specific
regulations as provided by statute (5 U S C 552), so that compliance with
such regulations is adherred to except as otehrwise provided by law
(5 U S C  701 et seq )

O

SEARCHED_____ INDEXED_____
SERIALIZED ___ _ FILED_____

FEB    1995

FBI - SPRINGFIELD

This request is made under the Freedom of Information Act (5 U S C 552) and
the Privacy Act (5 U S C 552a) (together with the "alternate means of access"),
to permit access to records on file with your agency  If, for any reason, it
is determined that portions of the material and records sought is exempt by
statute (5 U S C  (6)(c)(b)(7), 552a (j)(2) or by any regulation (Menard v
Mitchell, 430 F 2d  486, 139 U S  App  D C  113 (1970), Nemetz v  Department
of Treasury, 446 F Supp  102), I request specific citation to authority for
such deletion   If it should be determined that any material is CONFIDENTIAL
due to identification of source, the permission is granted to the agency to
delete source identification ONLY from the material released   Paton v  LaParde,
524 F 2d  862 (CA3 1975), Chastain v  Kelly, 510 F 2d  1233
I further agree to pay any reasonable costs, or file IN FORMA PAUPERS if I am
indigent, provided by statute or regulation by your agency, for search and
copying of the material requested

Pursuant to Title 5 U S C  552 (6)(1)(1), it is noted that your agency has
ten (10) working days following receipt of this request to provide the
information and material sought   Should any delay occur, it is requested
that your agency inform me of this delay as provided for by agency regulations
and the date when you will be able to act on this request

Sincerely yours,

Eugene A  Fischer

Date Feb 1, 1995

IDENTIFICATION OF REQUESTER:

**Name:** Eugene A  Fischer
**Date of Birth:** October 11, 1940
**Place of Birth:** New York, N Y , U S A
**Social Security No.:** 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
**Federal Bureau of Prisons No.:** 32904-004

| Right Thumb | Right Index | |
|---|---|---|
| I | I | I |
| I | I | I |
| I | I | I |
| I | I | I |
| I | I | I |
| I | I | I |
| I | I | I |
| I | I | I |
| I   RT | I  RI | I |

Page 3

## V E R I F I C A T I O N

S T A T E   O F   G E O R G I A

C O U N T Y   O F   F U L T O N

C I T Y   O F   A T L A N T A

_Eugene A. Fischer_                    ,First being sworn, deposes and says
That he/is the affiant herein, that he has read the foregoing request for
information release submitted to _F.B.I offices Carbondale, IL._   and knows
the contents thereof, That the personal identification submitted for this request
is true and accurate upon the personal knowledge of the affiant, and the
fingerprint identification submitted

Requester

SUBSCRIBED and SWORN to
before me this        day
of _____  1995

Notary [illegible] DeKalb County Georgia
My Commission Exp [illegible] 24 1997

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EUGENE ALBERT FISCHER,        )
                               )
                               )
       Plaintiff,           )
                               )  Civil Action No. 07-CV-2037(ESH)
       v.                 )
                               )
FEDERAL BUREAU OF INVESTIGATION,  )
    et al.,                 )
                               )
                               )
      Defendants.       )
                               )

# EXHIBIT B



U S  Department of Justice

Federal Bureau of Investigation

In Reply, Please Refer    to
File No

Suite 400, 400 West Monroe Street
Springfield, IL    62704
February 22, 1995

U.S. Penitentiary
Eugene A. Fischer
32904-004
Box PMB
Atlanta, GA   30315

Dear Mr. Fischer:

        This is in response to your Freedom of Information Act-
Privacy Act request, dated January 31, 1995, and received by our
office on February 7, 1995.

        A search of our indices to the Central Records System
as maintained by the Springfield office disclosed references to
names similar to yours.

        However, since we have not yet had time to retrieve and
review these records, we do not know at this point whether or not
the indicated records are identifiable with you.

        Please be advised that we are making every effort to
expedite the research, processing, and release of documents to
each requester.  However, due to the volume of requests being
processed by our office, you may anticipate some delay.  I can
assure you that your request is being handled as equitably as
possible and any releasable records will be made available at the
earliest possible date.

        Your patience and cooperation will be appreciated.

                            Sincerely,


                            Donald E. Stukey II
                            Special Agent in Charge


1 - Addressee
(1 - Springfield (190-          )

DMM/kss
(2)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EUGENE ALBERT FISCHER,

  Plaintiff,

   v.

FEDERAL BUREAU OF INVESTIGATION,
  et al.,

  Defendants.

Civil Action No. 07-CV-2037(ESH)

# EXHIBIT C



**U S Department of Justice**

Federal Bureau of Investigation

In Reply, Please Refer to
File No

Suite 400, 400 West Monroe Street
Springfield, IL    62704
March 30, 1995

U.S. Penitentiary
Eugene A. Fischer
32904-004
Box PMB
Atlanta, GA   30315

Dear Mr Fischer·

In reference to your letter that was received by this office on January 31, 1995, the indices search through our central records system has been completed, and the file responsive to your request has been located.  However, our review of this information has determined the file to be entirely exempt from disclosure by the following subsections of Title 5, United States Code, Section 552 and 552a:

        (b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information

                (A)   could reasonably be expected to interfere with enforcement proceedings;

        (j)(2)   Material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals, except records of arrest.

No review has been conducted for public source information (i e. newspaper clippings and court documents).  If you desire this type of information, please advise us and a search will be conducted.

Appropriate fees will be charged, if applicable, for public source information documents.

To.  Mr. Fischer

         If you desire, you may submit an administrative appeal
from any denial contained herein.  Appeals should be directed in
writing to the Co-Director, Office of Information and Privacy,
Room 7238 MAIN, United States Department of Justice, Washington,
D.C.  20530, within 30 days from receipt of this letter.  The
envelope and the letter should be clearly marked "Freedom of
Information Appeal" or "Information Appeal."  Please cite the
name of the office to which your original request was directed.

                              Sincerely,


                              Donald E. Stukey II
                              Special Agent in Charge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EUGENE ALBERT FISCHER, )
)
)
    Plaintiff, )
) Civil Action No. 07-CV-2037(ESH)
    v. )
)
FEDERAL BUREAU OF INVESTIGATION, )
    et al., )
)
)
    Defendants. )
)

# EXHIBIT D

Eugene A Fischer
32904-004
Box PMB
Atlanta, Ga   30315

April 18, 1995                                      **FOIA Material**

Mr Donald E Stukey II
Special Agent in Charge
Federal Bureau of Investigation
U S Department of Justice
Suite 400
400 West Monroe Street
Springfield, Il  62704

Dear Mr Stukey

With reference to your letter of March 30, 1995, which I received on April 11,1995,
I would like you to conduct a review of public source information (i e  newspaper
and media documents and court documents), as you suggested in your letter

I agree to pay appropriate fees, if applicable

Thank you

Sincerely yours,

Eugene A Fischer

190-51-47508-6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EUGENE ALBERT FISCHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 07-CV-2037(ESH) |
| v. | ) |
| | ) |
| FEDERAL BUREAU OF INVESTIGATION, | ) |
| et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

# EXHIBIT E

Eugene A Fischer
32904-004
Box PMB
Atlanta, Ga    30315

95-0974    ④
                FOI
                SIPO

April 18, 1995                                    FOIA Appeal

Co-Director
Office of Information and Privacy
Room 7238 MAIN
United States Department of Justice
Washington, D C    20530

Dear Sir/Madam

I am writing in regard to a letter from Mr Donald E Stukey II of the F B.I
office in Springfield Il dated March 30th and received on April 11, 1995
in which certain F O I A  material I requested was refused

I hereby appeal this decision, based on the following

You quote the following subsections of Title 5, United States Code, Section 552
and 552a    (b)(7) and (j)(2)

In reviewing Exemption 7 , as amended, I find that the FOIA did not apply to
material which is    Investigatory records in general, but only if they would
(A) interfere with enforcement proceedings, (B) deprive a person of a fair
trial, (C) constitute an unwarranted invasion of personal privacy, (D) disclose
the identity of a confidential source, (E)  disclose investigative procedures,
(F) endanger the life of law enforcement personnel

I maintain that because of the time period involved that there can not be any
active investigations going on at this time    I further maintain that the material
requested does not  fall into any other of the categories listed above under
Exemption 7 , as amended

In general I do not believe that the exemption was to apply to all investigatory
information, but rather it was meant to be narrowed as outlined above

I therefore, request that the file or files found with regards to my request
be made available to me

This material is pertinent to my case    It should not jeopardize any current
investigations for it is all old information    It will not implicate any
informant not already known, nor disclose investigative methods, nor endanger
the life of any enforcement agent, nor deprive a person of a fair trial, nor
constitute an unwarranted invasion of personal privacy    All information
requested is information already known from other sources    The information
will however be relevant in allowing me to a fair trial outcome

I await your answer

Sincerely yours,

Eugene A Fischer    app

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EUGENE ALBERT FISCHER,        )
                                 )
        Plaintiff,          )
                                 ) Civil Action No. 07-CV-2037(ESH)
        v.               )
                                 )
FEDERAL BUREAU OF INVESTIGATION,    )
    et al.,               )
                                 )
                                 )
        Defendants.       )
                                 )

# EXHIBIT F

3078 RevComp



**U S Department of Justice**

Office of Information and Privacy

*Telephone (202) 514-3642*

*Washington D C 20530*

April 28, 1995

Mr Eugene A Fischer
Register #32904-004
Box PMB
Atlanta, GA 30315

Re Springfield Field Office

Dear Mr Fischer

This is to advise you that your administrative appeal from the action of the Federal Bureau of Investigation on your request for information from the files of the Department of Justice was received by this Office on April 24, 1995

The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt Your appeal has been assigned number **95-0974** Please mention this number in any future correspondence to this Office regarding this matter

We will notify you of the decision on your appeal as soon as we can The necessity of this delay is regretted and your continuing courtesy is appreciated

Sincerely,

Drema A Hanshaw
Paralegal Specialist

FBI

190-HQ-1200038

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EUGENE ALBERT FISCHER,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　) Civil Action No. 07-CV-2037(ESH)
　　　　v.　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
FEDERAL BUREAU OF INVESTIGATION,　　　　)
　　　　et al.,　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)

# EXHIBIT G

Eugene A. Fischer
32904-004
Box PMB
Atlanta, Ga.   30315

August 20, 1996

Freedom of Information Officer
Federal Bureau of Investigation
Box 3333
250 W. Cherry Street
Suite 308
Carbondale, IL.   62901


Dear Sir/Madam

This is a personal, non-commercial request pursuant to the Freedom of Information Act, 5 USC §552, as amended, and the Privacy Act of 1974, 5 USC §552(a), for all records your agency is in possession of concerning the investigation, charging and bringing of the criminal cases described in the attachment to this letter, and any reference, mention or investigation of Judge James Foreman relating thereto

This is related to a criminal case against me and concerns a public official and records relating to him. I request a copy of all records with regards to these cases and any reference to Judge James Foreman, from all retrievable sources, including computer records, electronic surveillance, etc.

If there are any delections or excisions, I request a legal justification be made of each one and an index of all such excised or withheld records be given me. Under the Acts I expect, as is my right, to receive all non-exempt records.

I will pay reasonable copying fees for these records. This request should be processed pursuant to the Privacy Act which provides that no fees shall be charged for locating and retrieving records, 5 USC §552(f)(5).

As provided in the Acts, I will expect a response to this request within 10 working days of receipt of this letter.

Thank you for your attention to this matter.

Sincerely yours,

Eugene A. Fischer



Enclosures    Certificate   of   Identity,   Attachment

## C E R T I F I C A T E   O F   I D E N T I T Y

I, Eugene A. Fischer, hereby declare, under 28 USC 1746, and under peanlty of perjury, that the following information and signature are correct and true.

**Full Name** Eugene Albert Fischer

**Current Address** U.S. Penitentiary
                601 McDonough Blvd.
                Atlanta, Ga.  30315

**Date of Birth** October 11, 1940

**Place of Birth** New York, N.Y.

**Prison Identification Number** 32904-004

**S.S. Identification Number** 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

I certify that I am the person above named and that any falsifdication of this statement is punishable under the provisions of 18 USC Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 USC 552a(1)(3) by a fine of not more than $5,000.

Signature _____ Date _August 20, 1996_

**A T T A C H M E N T**

CRIMINAL CASE #1

Defendant   Donald M. Medley

Criminal Charges
> *Money Laundering - 31 USC Secs. 5313 & 5322
> *Falsifying Bank Records - 18 USC Sec. 1005
> *Concealing Money for Laundering Scheme -
>    18 USC Sec. 1014
> *Criminal Conspiracy
> *Illegally concealing from the U.S. Treasury of
>    Money Transfer - 31 USC Secs. 5313 and 5322

Bank Involved   First Bank and Trust of Harrisburg,
                Harrisburg, Il.

Date of Sentencing   Nov. 21, 1988

Jurisdiction   Southern District of Illinois

Time span involved   1987 and 1988

==========================================================

CRIMINAL CASE #2

Defendant   Archie Bob Henderson

Criminal Charges
> Mail Fraud, Wire Fraud, False Loan Application,
> Conspiracy, Fradulent Transportation of Federal

Date of Indictment   March 24, 1987

Date of Sentencing   March 18, 1988

Jurisdiction   Southern District of Illinois

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

———————————————————————

EUGENE ALBERT FISCHER,                    )
                                          )
                Plaintiff,                )
                                          )
                                          )    Civil Action No. 07-CV-2037(ESH)
        v.                                )
                                          )
FEDERAL BUREAU OF INVESTIGATION,          )
        et al.,                           )
                                          )
                                          )
                Defendants.               )
———————————————————————)

# EXHIBIT H



**U S Department of Justice**

Federal Bureau of Investigation

In Reply Please Refer    to
File No

Suite 400, 400 West Monroe Street
Springfield, IL   62704
September 4, 1996

U S  Penitentiary
Eugene A  Fischer
32904-004
Box PMB
Atlanta, GA  30315

Dear Mr  Fischer

      This is in reference to your Freedom of Information-
Privacy Acts request, dated August 20, 1996, which requested
information substantially duplicative in your request, dated
January 31, 1995

      You were previously advised that the material you
requested was determined to be entirely exempt from disclosure

      We are currently reviewing material for public source
information and it will be released to you after a fee
determination has been made

                        Sincerely,


                        Robert S  Conforti
                        Special Agent in Charge

1 - Addressee
1 - SI (190-SI-47508)
DMM/kss          (2)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EUGENE ALBERT FISCHER,                    )
                                          )
                                          )
          Plaintiff,                      )
                                          )
                                          ) Civil Action No. 07-CV-2037(ESH)
          v.                              )
                                          )
FEDERAL BUREAU OF INVESTIGATION,          )
          et al.,                         )
                                          )
                                          )
          Defendants.                     )
                                          )

# EXHIBIT I



U S Department of Justice

Office of Information and Privacy

---

*Telephone  (202) 514-3642*                    *Washington D C 20530*

DEC 3 0 1996

Mr Eugene A Fischer
Register No  32904-004
Box PMB                              Re    Appeal No  95-0974
Atlanta, GA  30315                         RLH SAH PNC

Dear Mr Fischer

    You appealed from the action of the Springfield Field Office
of the Federal Bureau of Investigation on your request for access
to records pertaining to yourself

    After careful consideration of your appeal, I have decided
to affirm the initial action in this case   The documents
responsive to your request are exempt from the access provision
of the Privacy Act of 1974 pursuant to 5 U S C  § 552a(j)(2)
See 28 C F R  § 16 96(a) (1996)   Accordingly, your access rights
are limited to those provided by the Freedom of Information Act
You are the subject of one Springfield Field Office main file
entitled "Organized Crime Drug Investigation "  This informa-
tion was properly withheld from you pursuant to 5 U S C
§ 552(b)(7)(A), which pertains to records or information com-
piled for law enforcement purposes, the release of which could
reasonably be expected to interfere with enforcement proceedings
This material is not appropriate for discretionary release
Finally, please be advised that a search of the ELSUR index
of the Springfield Field Office was conducted and no records
responsive to your request could be located

    Your request for public source material is being handled
separately   You will be contacted directly by the FBI when it
has completed processing that information

    Judicial review of my action on this appeal is available to
you in the United States District Court for the judicial district
in which you reside, or in the District of Columbia, or in the
Central District of Illinois, which is where the records you seek
are located

                            Sincerely,


                            Richard L Huff
                            Co-Director


190-HQ-1200038

FBI Monroe

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EUGENE ALBERT FISCHER,                         )
                                               )
              Plaintiff,                       )
                                               )   Civil Action No. 07-CV-2037(ESH)
       v.                                      )
                                               )
FEDERAL BUREAU OF INVESTIGATION,               )
       et al.,                                 )
                                               )
                                               )
              Defendants.                      )
                                               )

# EXHIBIT J



**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                     *Washington, D.C. 20530*



**DEC 1 8 2006**

Mr. Eugene Albert Fischer
Register No. 32904-004
Federal Correctional Institution               Re:     Appeal No. 99-0865
Post Office Box 1032                                    Request No. 414039
Coleman, FL 33521                                       ADW:JTR

Dear Mr. Fischer:

     You appealed from the action of the Headquarters Office of the Federal Bureau of
Investigation on your request for access to records pertaining to yourself.  I sincerely regret the
substantial delay in responding to your appeal.

     After carefully considering your appeal, and as a result of discussions between FBI
personnel and a member of my staff, I am ▓▓▓▓▓▓ your request for further processing.
Although the FBI properly invoked Exemption 7(A) of the Freedom of Information Act, 5 U.S.C.
§ 552(b)(7)(A), at the time your request was processed, that exemption, which pertains to records
or information compiled for law enforcement purposes the release of which could reasonably be
expected to interfere with enforcement proceedings, ▓▓▓▓▓▓▓ able to withhold the
records in their entireties.  Consequently, the FBI will send any and all releasable portions of
them to you directly, subject to any applicable fees.  You may appeal any future adverse
determination made by the FBI.

     If you are dissatisfied with my action on your appeal, you may seek judicial review in
accordance with 5 U.S.C. § 552(a)(4)(B).

                           Sincerely,

                           Daniel J. Metcalfe
                             Director

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| EUGENE ALBERT FISCHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 07-CV-2037(ESH) |
| v. | ) | |
| | ) | |
| FEDERAL BUREAU OF INVESTIGATION, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

# EXHIBIT K



U.S. Department of Justice

Federal Bureau of Investigation

Washington, D.C. 20535

December 22, 2006

MR EUGENE ALBERT FISCHER
**32904-004
BOX PMB
ATLANTA, GA 30315

Request No.: 0414039- 001
Subject: FISCHER, EUGENE ALBERT

Dear Requester:

☒ This acknowledges receipt of your Freedom of Information-Privacy Acts (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request.

☐ For an accurate search of our records, please provide the complete name, alias, date and place of birth for the subject of your request. Any other specific data you could provide such as prior addresses, or employment information would also be helpful. If your subject is deceased, please include date and proof of death.

☐ To make sure information about you is not released to someone else, we require your notarized signature or, in place of a notarized signature, a declaration pursuant to Title 28, United States Code 1746. For your convenience, the reverse side of this letter contains a form which may be used for this purpose.

☐ If you want the FBI's Criminal Justice Information System (CJIS) to perform a search for your arrest record, please follow the enclosed instructions in Attorney General Order 556-73. You must submit fingerprint impressions so a comparison can be made with the records kept by CJIS. This is to make sure your information is not released to an unauthorized person.

☒ We are searching the indices to our central records system at FBI Headquarters for the information you requested, and will inform you of the results as soon as possible.

☐ Processing delays have been caused by the large number of requests received by the FOIPA. We will process your request(s) as soon as possible.

Your request has been assigned the number indicated above. Please use this number in all correspondence with us. Your patience is appreciated.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EUGENE ALBERT FISCHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 07-CV-2037(ESH) |
| v. | ) |
| | ) |
| FEDERAL BUREAU OF INVESTIGATION, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

# EXHIBIT L

**U.S. Department of Justice**
Federal Bureau of Investigation

*Washington, DC  20535-0001*

Official Business
Penalty for Private Use $300





MR EUGENE ALBERT FISCHER
**32904-004
BOX PMB
ATLANTA, GA 30315

30315#0160



U.S. Department of Justice

Federal Bureau of Investigation

Washington, D.C. 20535

December 22, 2006

MR EUGENE ALBERT FISCHER
**32904-004
BOX PMB
ATLANTA, GA 30315

Request No.: 0414039- 001
Subject: FISCHER, EUGENE ALBERT

Dear Requester:

☒    This acknowledges receipt of your Freedom of Information-Privacy Acts (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request.

☐    For an accurate search of our records, please provide the complete name, alias, date and place of birth for the subject of your request. Any other specific data you could provide such as prior addresses, or employment information would also be helpful. If your subject is deceased, please include date and proof of death.

☐    To make sure information about you is not released to someone else, we require your notarized signature or, in place of a notarized signature, a declaration pursuant to Title 28, United States Code 1746. For your convenience, the reverse side of this letter contains a form which may be used for this purpose.

☐    If you want the FBI's Criminal Justice Information System (CJIS) to perform a search for your arrest record, please follow the enclosed instructions in Attorney General Order 556-73. You must submit fingerprint impressions so a comparison can be made with the records kept by CJIS. This is to make sure your information is not released to an unauthorized person.

☒    We are searching the indices to our central records system at FBI Headquarters for the information you requested, and will inform you of the results as soon as possible.

☐    Processing delays have been caused by the large number of requests received by the FOIPA. We will process your request(s) as soon as possible.

Your request has been assigned the number indicated above. Please use this number in all correspondence with us. Your patience is appreciated.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EUGENE ALBERT FISCHER,                    )
                                          )
        Plaintiff,                        )
                                          )
        v.                                ) Civil Action No. 07-CV-2037(ESH)
                                          )
FEDERAL BUREAU OF INVESTIGATION,          )
        et al.,                           )
                                          )
                                          )
        Defendants.                       )
                                          )

# EXHIBIT M

Eugene A. Fischer
32904-004
Federal Correctional Complex - Medium
Box 1032
Coleman, FL 33521-1032

March 22, 2007

Mr. David M. Hardy, Chief
Records/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Department of Justice
935 Pennsylvania Avenue, NW
Washington, DC  20535-0001

Dear Mr. Hardy:

I am writing in regards to a Freedom of Information request I
made in 1999 which was denied by your agency due to a claim of
an ongoing investigation.  I have been informed by the Office of
Information and Privacy, Department of Justice that my appeal of
this denial has been granted.  See enclosed letter of Director
Daniel J. Metcalfe, December 18, 2006.

I wish to puruse my request now that my appeal has been granted.

Ms. Janice Gali McLeod, Associate Director, Office of Information
and Privacy has advised me that you were the party to contact with
regards to such processing.

I would apprecaite your assistance in getting such requested
information. I understand that there is no charge for the first
100 pages of such a request. Kindly notify me as to any charge
for any copies beyond this.

I would appreciate an answer to this matter as soon as possible.

Thank you.

Sincerely yours,

Eugene A. Fischer

Encl(1)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EUGENE ALBERT FISCHER,                    )
                                          )
                                          )
          Plaintiff,                      )
                                          )  Civil Action No. 07-CV-2037(ESH)
          v.                              )
                                          )
FEDERAL BUREAU OF INVESTIGATION,          )
          et al.,                         )
                                          )
                                          )
          Defendants.                     )
                                          )

# EXHIBIT N



U.S. Department of Justice



Federal Bureau of Investigation

*Washington, D.C. 20535*

April 13, 2007

MR EUGENE ALBERT FISCHER
**32904-004
BOX PMB
ATLANTA, GA 30315



Request No.   0414039- 001
Subject: FISCHER, EUGENE ALBERT

Dear Requester:

This is in reference to your Freedom of Information-Privacy Acts (FOIPA) request.

We have located approximately  580  pages which are potentially responsive to your request. Pursuant to Title 28, Code of Federal Regulations (CFR), Sections 16.11 and 16.49, there is a duplication fee of ten cents per page. The first 100 pages will be provided to you free of charge. Regulations require us to notify requesters when anticipated charges exceed $25, and if all of the pages are released, you will owe  $ 48.00  in duplication fees. Please remember this is only an estimate, and if some of the pages are withheld or are not identifiable with your subject, the actual charges could be less.

You may want to consider reducing the scope of your request. This would allow you to lower your costs and hasten the receipt of your information. To streamline our operation, we divide our requests into three tracks based on the amount of material to be processed: small (1-500 pages); medium (501-2500 pages) and large (2501 or more pages), with the small track having the fastest rate of processing. To accelerate the processing of your request, you must reduce the pages to be processed to 500 pages or less. Please let us know in writing if you are interested in discussing the possibility of reducing the scope of your request or if you are willing to pay the estimated duplication cost indicated in the above paragraph. Your written response should provide a telephone number where you can be reached between the hours of 8:00 a.m. and 5:00 p.m., EST. You may also fax your response to the following number: 540-868-4996, Attention: Work Processing Unit. You must include the FOIPA request number in any communication regarding this matter.

As stated previously, the cost indicated is only an estimate, therefore, no payment should be made at this time.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EUGENE ALBERT FISCHER,                    )
                                          )
           Plaintiff,                     )
                                          )
    v.                                    )  Civil Action No. 07-CV-2037(ESH)
                                          )
FEDERAL BUREAU OF INVESTIGATION,          )
           et al.,                        )
                                          )
                                          )
           Defendants.                    )
                                          )

# EXHIBIT O



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

May 14, 2007

MR EUGENE ALBERT FISCHER
**32904-004
BOX PMB 1032
ATLANTA, GA 39315

Request No:  414039-001
Subject:  FISCHER, EUGENE ALBERT

Dear Requester:

The purpose of this letter is to advise you of the status of your pending Freedom of Information/Privacy Acts (FOIPA) request at the Federal Bureau of Investigation (FBI). Currently your request is being reviewed by an analyst. The analyst will confirm that all records are responsive to your request and apply exemptions allowed under FOIPA. If your request is for sensitive national security information, then the records must undergo a systematic declassification review prior to application of FOIPA exemptions. Large requests take the longest time to be processed by an analyst.

You may inquire as to the status of your request by calling the FBI's FOIPA Public Information Center at 540-868-4593.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EUGENE ALBERT FISCHER,                    )
                                          )
          Plaintiff,                      )
                                          )  Civil Action No. 07-CV-2037(ESH)
          v.                              )
                                          )
FEDERAL BUREAU OF INVESTIGATION,          )
          et al.,                         )
                                          )
                                          )
          Defendants.                     )
                                          )

# EXHIBIT P

Eugene A. Fischer
32904-004
FCI-2
Box 1500
Butner, NC 27509

June 5, 2007

Mr. David M. Hardy
Section Chief
Record/Information                    Ref: Req. No. 0414039-001
Dissemination Section                      Subject:
Federal Bureau of Investigation            FISCHER, EUGENE ALBERT
U.S. Department of Justice
935 Pennsylvania Avenue, N.W.
Washington, DC    20535-0001

Dear Mr. Hardy:

Please send me the 580 pages referenced in the attached two letters.

I agree to pay the overage over 100 pages, i.e. the estimated $48.00.

I await your remittance of the materials and the bill.

Please note the above is my correct address not the one on your
letters.

Thank you.

Sincerely yours,

Eugene A. Fischer

Encl(2)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EUGENE ALBERT FISCHER,                          )
                                                )
                                                )
              Plaintiff,                         )
                                                )  Civil Action No. 07-CV-2037(ESH)
       v.                                        )
                                                )
FEDERAL BUREAU OF INVESTIGATION,                )
       et al.,                                   )
                                                )
                                                )
              Defendants.                        )
                                                )

# EXHIBIT Q

Eugene Fischer
  32904-004
FCI-2
Box 1500
Butner, FL 27509

June 1, 2007

David Hardy
Section Chief
Records/Info. Dissemination
U.S. Dept. of Justice
FBI
935 Pennsylvania Ave. NW.
Washington, DC 20535-0001

Reg. No. 0414039-001
Subj. : Eugene Albert
              Fischer

Dear Mr. Hardy,

Please proceed to copy the 580 pages indicated
and bill me and send the information to
the address indicated above.

Thank you,

Eugene Fisch

Eugene A. Fischer

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EUGENE ALBERT FISCHER,　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　) Civil Action No. 07-CV-2037(ESH)
　　　　　v.　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
FEDERAL BUREAU OF INVESTIGATION,　　)
　　　　et al.,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　Defendants.　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)

# EXHIBIT R

Eugene A. Fischer
32904-004
FCI-2
Box 1500
Butner, NC  27509

August 20, 2007

Mr. David M. Hardy                          Ref: Req. No. 0414039-001
Section Chief                               Subject: FISCHER, EUGENE ALBERT
Record/Information
Dissemination Section
Federal Bureau of Investigation
U.S. Department of Justice
935 Pennsylvania Avenue, N.W.
Washington, DC  20535-0001

Dear Mr. Hardy:

        I am writing concerning a matter of great importance to me and of, what appears
to be, of neglect or indifference on your part. It concerns a FOIA request which I
originally made in 1999 for information concerning documents which you (the FBI) have
with reference to a criminal investigation and case in which I was involved.

        In Dec. 18, 2006 I was notified by Mr. Daniel Metcalfe, Director of the Justice
Department's Office of Information and Privacy, that he regretted the substantial delay in
responding but that my appeal from 1999 had been granted. He told me that the FBI
would send me such releaasable information as I had requested. I answered that I would
pay for any such records over 100 pages and to please process my request ASAP.

        On April 13, 2007, after an exchange of another six letters, I received the enclosed
letter from you stating that you had located 580 pages of responsive material to my
request. You told me of the charges and asked if I wished to modify my request so that it
might contain fewer pages. I answered, as soon as I got your letter, on June 5, 2007 saying
I didn't want to change anything and that I would pay any charges at $0.10 per page over
100 pages.

        Since this letter from you I haven't heard anything further.

        Please process my request.

1

I believe it isn't improper to say that I have waited a long enough time; since 1999 on the original request and now since December 2006 on the revised granting of my request.

When can I expect to receive the documents?

An answer would be appreciated.

Sincerely yours,

Eugene A. Fischer

Encl(1)

Note: Please send any communication or information to my new address as on the top of this letter.



2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EUGENE ALBERT FISCHER,              )
                                    )
                                    )
          Plaintiff,                )
                                    )
                                    )  Civil Action No. 07-CV-2037(ESH)
     v.                             )
                                    )
FEDERAL BUREAU OF INVESTIGATION,    )
     et al.,                        )
                                    )
                                    )
          Defendants.               )
                                    )

# EXHIBIT S



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*



MR EUGENE ALBERT FISCHER
***32904-004
FEDERAL CORRECTIONAL INSTITUTION 2
POST OFFICE BOX 1500
BUTNER, NC 27509

September 18, 2007

Subject: FISCHER, EUGENE ALBERT

FOIPA No. 0414039- 001

Dear Mr. Fischer:

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

| Section 552 | | Section 552a | |
|---|---|---|---|
| ☐(b)(1) | ☐(b)(7)(A) | ☐(d)(5) | |
| ☒(b)(2) | ☐(b)(7)(B) | ☐(j)(2) | |
| ☐(b)(3)_____ | ☒(b)(7)(C) | ☐(k)(1) | |
| _____ | ☒(b)(7)(D) | ☐(k)(2) | |
| _____ | ☐(b)(7)(E) | ☐(k)(3) | |
| _____ | ☐(b)(7)(F) | ☐(k)(4) | |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) | |
| ☐(b)(5) | ☐(b)(9) | ☐(k)(6) | |
| ☒(b)(6) | | ☐(k)(7) | |

40 **page(s)** were reviewed and 34 **page(s)** are being released.

☐  Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA]. This information has been:

☐  referred to the OGA for review and direct response to you.

☐  referred to the OGA for consultation. The FBI will correspond with you regarding this information when the consultation is finished.

☒ You have the right to appeal any denials in this release. Appeals should be directed in writing to the Director, Office of Information and Privacy, U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001 within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation. Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s). Our experience has shown, when ident, references usually contain information similar to the information processed in the main file(s). Because of our significant backlog, we have given priority to processing only the main investigative file(s). If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☒ See additional information which follows.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
　Dissemination Section
Records Management Division

Enclosure(s)

　　　Please be advised that the enclosed documents are maintained in a multiple subject investigation of which you were indexed as one of the subjects. In processing such a case pursuant to a FOIPA request, it is the practice of the FBI to address only that portion which specifically pertains to you rather than information pertaining to other subjects.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **EUGENE A. FISCHER** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 07-2037(ESH)** |
| | ) | |
| **F.B.I. <u>et</u> <u>al.</u>,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**ORDER**

UPON CONSIDERATION of Defendants' motion to dismiss or, in the alternative, for summary judgment, and the entire record herein, it is this ___ day of _____, 2008, hereby

ORDERED, that Defendants' motion to dismiss/motion for summary judgment is hereby GRANTED.


_____
UNITED STATES DISTRICT JUDGE


<u>Copies of this Order to</u>:

Karen L. Melnik
Assistant U.S. Attorney
Judiciary Building
555 Fourth Street, N.W., Rm. E-4112
Washington, D.C. 20530

Eugene A. Fischer
Reg. No. 32904-004
FCI-2, P.O. Box 1500
Butner, NC 27509