UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


APR 11 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EUGENE A. FISCHER,
    Plaintiff,

vs.      Civil Action No. 07CV2037 (ESH)

F.B.I., et al.,
    Defendants.

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS, OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGEMENT

COMES HERETO Eugene A. Fischer, Plaintiff pro se, and presents this response to Defendants' Motion of 14th February 2008 requesting dismissal or summary judgment. Plaintiff maintains that the government's motion is without merit and requests the Court find accordingly and requests the court to consider the actions he has requested, i.e.:

    i.     that the Court find that the Defendant's refusal to disclose the records requested by Plaintiff is unlawful;

    ii.     that the Court issue an injunction to prevent the F.B.I. and the Department of Justice from either not responding to FOIA/PA requests, or to only partially responding, or not taking any actions other than the most superficial, or simply denying outright any request for no justifiable reason;

    iii.     that the Court make a written finding that the circumstances surrounding the withholding raise questions that there have been arbitrary and capricious agency action or actions, and make a referral to the Merit Systems Protection Board for investigation, pursuant to subsection (a)(4)(f);

    iv.     appoint counsel for Plaintiff;

    v.     award Plaintiff his costs and reasonable attorney's fees in this action; and

    vi.     expedite this lawsuit pursuant to 28 USC 1657(a).

## BASIS FOR PLAINTIFF'S RESPONSE AND REQUEST

I. **THIS COURT HAS SUBJECT MATTER JURISDICTION FOR PLAINTIFF HAS STATED A CLAIM AND HAS EXHAUSTED HIS ADMINISTRATIVE REMEDIES**

Plaintiff Fischer began this FOIA process back in 1995. The Defendants denied him his request for information under the FOIA. On April 18, 1995 the Plaintiff subsequently appealed this denial of information. On December 30, 1996 this appeal was denied stating both:

> that the information being requested was being properly withheld because it pertained to records or information compiled for law enforcement purposes the release of which could reasonably be expected to interfere with law enforcement proceedings; and

> that no records responsive to your request could be located.

See Attachments A and B for documents supporting this appeal and denial.

The Plaintiff did not take any further action on the matter but on December 18, 2006 the Office of Information and Privacy sent a letter to Plaintiff advising him that his appeal to the Headquarters of the F.B.I. had been approved in that the restriction to giving information compiled for law enforcement purposes the release of which could reasonably be expected to interfere with enforcement proceedings, is no longer applicable. See attachment C for copy of letter from director of Office of Information and Privacy, Justice Department, Daniel J. Medcalfe.

The letter stated there was regret in the substantial delay to your appeal. On page 3 of the Defendants' response they state that the F.B.I. searched its notes and were unable to locate an explanation as to why the acknowledgment letter was sent more than ten years after the request was made to the F.B.I.

Plaintiff followed the 2006 advisement with a series of letters largely unanswered during the first six months of 2007. Basically Plaintiff said to send him any information responsive to his request and he would pay for it.

It is almost beyond the imagination to believe that it would take over ten (10) years to answer a request for FOIA information. To begin with the Act (FOIA) provides that an agency "shall determine within 20 days after the receipt of any such requests whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and the right to appeal to the head of the agency such adverse determination. 5 USCS 552(a)(6)(A)(1)." Said v Gonzalez, 2007 U.S. Dist. LEXIS 70404 (Sept. 24, 2007).

The purpose of FOIA is to require federal agencies to disclose governmental documents in order to serve the "basic purpose of ensuring an informed citizenry, vital to the functioning of a democratic society." Solar Sources v. United States, 142 F.3d 1033, 1037 (7th cir. 1998). Upon such request for governmental records, FOIA requires a governmental agency holding such records to promptly make them available unless they fall within one of FOIA's exceptions.

Petitioner believes that his request fell into some "black hole," such as in Ansell v. U.S., 2007 US Dist Lexis 65067 (She asserts that her complaint was continuous, but the branches could not decide who should handle it and it fell into a "black hole.").

It appears that when the initial requests were made, some ten years after the Plaintiff's criminal trial had been held, that the Office of Information and Privacy maintained that there was an on-going investigation which could be jeopardized by disclosing information to the Plaintiff. On its face this was absurd to imagine since the Plaintiff had been prosecuted 10 years prior and there was nothing still open concerning his prosecution.

Then to continue with the absurdity, some ten years later (after the request) another determination was made that such request would no longer interfere with enforcement proceedings. Thus a total of twenty (20) years

3

was involved. What could have taken so long? The Office of Information specifies they do not know why so much time transpired.

Plaintiff Fischer would postulate that this is part of the absurdity of this situation, of in fact. his entire case, and is one of the reasons he is trying to get information, i.e. to show that the criminal case against him is absurd and wrong. As one part of the proof of this postulation Fischer would submit one of the few documents which was finally sent him stated that he was a fugitive from the law hiding in Switzerland under an alias in 1996. The fact is that Fischer was incarcerated in 1996 with the Federal Bureau of Prisons. The only explanation Fischer can think of concerning this allegation is that he was confused with his fugitive co-defendant George Brock, who was and continues to be a fugitive. This is one of the things Fischer is trying to show, that in fact there was a confusion between him and Brock and that in fact Brock was the man who should have been tried for the crimes which Fischer was convicted for.

Therefore, concerning the first point raised in the Government's motion to dismiss, the Plaintiff maintains that he did in fact exhaust his remedies by appealing the negation of his request in 1996. As a point of clarification he submitted two appeals and was effectively denied in one (the two were consolidated into one). Then when after ten more years the government decided to change its mind Plaintiff immediately requested the documents but was delayed for six months before he received an answer. To make matters worse the information he received was so sparce as to make the whole process questionable.

Plaintiff Fischer did then in fact appeal his denial. The dispersing of 37 pages (of which most were simply copies of Plaintiff's requests to the Office of Information and to the F.B.I.) cannot be considered to be a complying in good faith by the Defendants.

Should the Plaintiff have waited another 10 years for another

4

response? What ever happened to the 20 day required response time.

Plaintiff maintains that the Office of Information and the F.B.I. is playing games with the defendant and is violating the intent of the FOIA by its procrastinations as shown in the Plaintiff's case in point.

The logical conclusion can only be one of two possibilities; either the Office of Information and the F.B.I. are purposefully withholding information through their delaying tactics; or both the Office of Information and the F.B.I. are exhibing an intolerable degree of inefficiency. In either case their non-response must be construed as violating the FOIA.

To allow the defendants (the U.S. government) to claim that the Plaintiff is responsbile for not satisfying the requirements of making a proper claim is absurd when the time delays of this case (caused by the government) are considered.

The Plaintiff has from the very first denial in 1995 contested the government in not giving him the information he has requested.

Lastly the Defendants claim that the Plaintiff did not exhaust his administrative remedies by not appealing the appeal. It is the Plaintiff's understanding that it is not necessary to appeal an appeal, that in fact the method of appealing an appeal is through a lawsuit such as the Plaintiff is initiating in this instance.

The denial of 1996 was affirmed in part in the response of 2006. The only difference was that the Office of Information in its 2006 response was no longer claiming that there was an ongoing investigation.

## PART I CONCLUSION

Plaintiff appealed the denial of his FOIA request and was denied his appeal in 1996 and in 2007. The 1996 denial was a blanket denial and the 2007 denial allowed certain limited information but was an effective total rejection of the Plaintiff's request. Since his appeal was denied the Plaintiff is properly pursuing his legal remedies through the Courts.

II. BASIS OF REQUESTED MATERIAL AND NON-APPLICABILITY OF CLAIMED EXEMPTIONS

In the Letter of remittance of September 18, 2007 the Defendant cites exemptions utilized to deny documents were: (b)(2); (b)(6); (b)(7)(C) and (b)(7)(D). These are exemptions for: (b)(2) "related soley to the internal personnel rules and practices of an agency;" (b)(6) "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;" (b)(7)(C) "records of information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (C) could be reasonably expected to constitute an unwarranted invasion of personal privacy and (D) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and in the case of record or information complied by a law enforcement authroity in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source."  See Attachment C, copy of letter from David M. Hardy, Section Chief, Records/Information Dissemination Section.

As per Thompson v. Central Police Board,"In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the Court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the Plaintiff's favor." Futhermore, as in Rann v. Chao, 154 F. Supp. 2d 61, 64 (DDC 2001) "in a motion to dismiss pursuant to Rule 12(b)(1), the Plaintiff bears the burden of persusion to establish subject-matter jurisidiction by a preponderance of the evidence."

Plaintiff Fischer is showing evidence that clearly demonstrates that Defendants were not complying with FOIA requirements in denying his petition and appeal. Plaintiff can show how the preponderance of evidence shows to his favor that he was improperly and questionably denied his requested information.

6

First of all, as shown in the prior section of this response Defendants denied Plaintiff's request and appeal twice, once in 1996 and then in 2007. While the second appeal denial stated that the on going criminal investigation allegation no longer applied, it [the second denial] repeated reasons for denial which the Plaintiff continues to maintain are not correct and which he disputes.

As stated in <u>Vaughn v. Bernard Rosen</u>, 157 US App. D.C. 340, 484 F. 2d 829 (1973) "This court has repeatedly stated that these exemptions from disclosure must be construed narrowly, in such a way as to provide the maximum access consonant with the overall purpose of the Act. By this token and specific provision of the Act, when the Government declines to disclose a document the burden is upon the agency to prove de novo in trial court that the information sought fits under one of the exemptions to the FOIA."

Some of the documents sought in the Plaintiff's FOIA request were:

1) Information as to a public official, Judge James Foreman, concerning any criminal investigations in the past    years. This information invovles a public official who Plaintiff believes is now deceased.

2) Public records of indictment dates, judicial outcome and dates of incarceration of Archie Bob Henderson and/or Donald Medley from the year 1985 to the present. Since this is public information of actual trials and convictions it is not exempt.

3) Judcial findings concerning cooperating witnesses (witnesses who testified in my trial), specifically Ronald Ball, Charles Podesta, Jeffrey Tuchband, David Tobias and Ronald Valentine. Any perjury findings or convictions were specifically requested. Since these witnesses testified publically in my trial they cannot be exempted since this is public information.

4) Copies of all indictments against myself. Obviously this is not exempted material.

5) Information as to proceeds, methods of sale and actions taken with respect to any   property owned by myself and taken by the government. This cannot be exempt since it concerns my own property.

6) Copies of FBI 302's prepared on cooperating witness Ronald Valentine, who testified in my trial. His testimony was public and other 302's were supplied by the FBI during trial so that such 302 cannot be considered exempted.

In <u>Vaughn</u> the Court recognized that the FOIA process was decidedly one-sided with the side opposing disclosure in a position to confidently make statements categorizing information whose factual characterization may or not be accurate. The court goes on to say "This lack of knowledge by the party seeking disclosure seriously distorts the traditional adversity nature of our legal system's form of dispute resolution." A solution was offered by the court in <u>Vaughn</u> with the Court examining the documents in camera. The court found that "the present method of resolving FOIA disputes actually encourages the Government to contend that large masses of information are exempt, when in fact part of the information should be disclosed."

Plaintiff maintains that his request fell into a "black hole" of alleged "on-going investigation," a fact that finally was acknowledged as untrue over 10 years after his request was made. But then the FBI and the Office of Information handled the Plaintiff's appeal as if it was an initial request and denied him the information on other grounds.

A review of what was actually requested shows, in a common sense approach, that the denial of information cannot meet legitimate exemption standards.

## PART II CONCLUSION

Defendant has generalized exemption denials in such a manner that even a cursory review of his request shows that in all probability (under a preponderance standard) the claimed exemptions were either misplaced or that the request was not properly reviewed and interpreted.

The Defendants themselves state that they don't know why a reply was delayed ten (10) years.

Plaintiff maintains that the FBI and the Office of Information is egregiously and improperly withholding information which the plaintiff is properly seeking.

## CONCLUSION

Plaintiff requests the Court deny Defendants' request to dismiss for lack of subject matter jurisdiction and/or for failure to state a claim. Furthermore, the Plaintiff believes it is obvious that he has a genuine dispute with the FBI and the Office of Information.

Therefore Plaintiff requests that all or part of the requests listed by him on page one of this motion be granted, including, if the Court deems it appropriate for purposes of justice, the assignment of legal counsel to represent him.


Respectfully Submitted this 8th day of April, 2008.

_____
Eugene A. Fischer   32904-004
Plaintiff pro se
FCI2
Box 1500
Butner, NC   27509

## CERTIFICATE OF SERVICE

I, Eugene A. Fischer, do certify that I have sent by U.S. mail a copy of this motion to:

>The Office of U.S. Attorney
>U.S. Department of Justice
>District of Columbia
>Judiciary Center
>555 Fourth Street, N.W.
>Washington, DC  20001

On this 8th day of April, 2008.

*[signature]*

Eugene A. Fischer
32904-004
Plaintiff pro se
FCI2
Box 1500
Butner, NC  27509

Attachment A

Eugene A Fischer
32904-004
Box PMB
Atlanta, Ga   30315

95-0974  FOI
              SIFO

April 18, 1995

FOIA Appeal

Co-Director
Office of Information and Privacy
Room 7238 MAIN
United States Department of Justice
Washington, D C   20530

Dear Sir/Madam

I am writing in regard to a letter from Mr Donald E Stukey II of the F B I office in Springfield Il dated March 30th and received on April 11, 1995 in which certain F O I A material I requested was refused

I hereby appeal this decision, based on the following

You quote the following subsections of Title 5, United States Code, Section 552 and 552a   (b)(7) and (j)(2)

In reviewing Exemption 7, as amended, I find that the FOIA did not apply to material which is  Investigatory records in general, but only if they would (A) interfere with enforcement proceedings, (B) deprive a person of a fair trial, (C) constitute an unwarranted invasion of personal privacy, (D) disclose the identity of a confidential source, (E) disclose investigative procedures, (F) endanger the life of law enforcement personnel

I maintain that because of the time period involved that there can not be any active investigations going on at this time  I further maintain that the material requested does not fall into any other of the categories listed above under Exemption 7, as amended

In general I do not believe that the exemption was to apply to all investigatory information, but rather it was meant to be narrowed as outlined above

I therefore, request that the file or files found with regards to my request be made available to me

This material is pertinent to my case  It should not jeopardize any current investigations for it is all old information  It will not implicate any informant not already known, nor disclose investigative methods, nor endanger the life of any enforcement agent, nor deprive a person of a fair trial, nor constitute an unwarranted invasion of personal privacy  All information requested is information already known from other sources  The information will however be relevant in allowing me to a fair trial outcome

I await your answer

Sincerely yours
Eugene A Fischer
         app



U S Department of Justice

Office of Information and Privacy

Telephone (202) 514-3642                Washington D C 20530

DEC 30 1996

Mr Eugene A Fischer
Register No 32904-004
Box PMB                              Re    Appeal No 95-0974
Atlanta, GA 30315                          RLH SAH PNC

Dear Mr Fischer

You appealed from the action of the Springfield Field Office of the Federal Bureau of Investigation on your request for access to records pertaining to yourself

After careful consideration of your appeal, I have decided to affirm the initial action in this case  The documents responsive to your request are exempt from the access provision of the Privacy Act of 1974 pursuant to 5 U S C § 552a(j)(2) See 28 C F R § 16 96(a) (1996)  Accordingly, your access rights are limited to those provided by the Freedom of Information Act You are the subject of one Springfield Field Office main file entitled "Organized Crime Drug Investigation " This information was properly withheld from you pursuant to 5 U S C § 552(b)(7)(A), which pertains to records or information compiled for law enforcement purposes, the release of which could reasonably be expected to interfere with enforcement proceedings This material is not appropriate for discretionary release. Finally, please be advised that a search of the ELSUR index of the Springfield Field Office was conducted and no records responsive to your request could be located

b6
b7C

Your request for public source material is being handled separately  You will be contacted directly by the FBI when it has completed processing that information

Judicial review of my action on this appeal is available to you in the United States District Court for the judicial district in which you reside, or in the District of Columbia, or in the Central District of Illinois, which is where the records you seek are located

Sincerely,

Richard L Huff
Co-Director

190-HQ-1200038

FBI


Attachment C



U.S. Department of Justice

1 of 3

Federal Bureau of Investigation

*Washington, D.C. 20535*

MR EUGENE ALBERT FISCHER
**32904-004
FEDERAL CORRECTIONAL INSTITUTION 2
POST OFFICE BOX 1500
BUTNER, NC 27509

September 18, 2007

Subject: FISCHER, EUGENE ALBERT

FOIPA No. 0414039- 001

Dear Mr. Fischer:

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

| **Section 552** | | **Section 552a** |
|---|---|---|
| ☐(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☒(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | ☒(b)(7)(C) | ☐(k)(1) |
| _____ | ☒(b)(7)(D) | ☐(k)(2) |
| _____ | ☐(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☐(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☒(b)(6) | | ☐(k)(7) |

40 page(s) were reviewed and 34 page(s) are being released.

☐ Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA]. This information has been:

   ☐ referred to the OGA for review and direct response to you.

   ☐ referred to the OGA for consultation. The FBI will correspond with you regarding this information when the consultation is finished.

☒ You have the right to appeal any denials in this release. Appeals should be directed in writing to the Director, Office of Information and Privacy, U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001 within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

Attachment E

2 of 2

☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation. Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s). Our experience has shown, when ident, references usually contain information similar to the information processed in the main file(s). Because of our significant backlog, we have given priority to processing only the main investigative file(s). If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☒ See additional information which follows.

Sincerely yours,

*[signature]*

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Records Management Division

Enclosure(s)

    Please be advised that the enclosed documents are maintained in a multiple subject investigation of which you were indexed as one of the subjects. In processing such a case pursuant to a FOIPA request, it is the practice of the FBI to address only that portion which specifically pertains to you rather than information pertaining to other subjects.

# EXPLANATION OF EXEMPTIONS

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute(A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could be reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could be reasonably expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service th release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DC