UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| EUGENE A. FISCHER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 07-2037 (ESH) |
| FEDERAL BUREAU OF INVESTIGATION, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

In his Opposition to Defendants' Motion to Dismiss, or, in the Alternative, for Summary Judgment ("Pl's Opp."), Plaintiff misapprehends both the facts and the law governing the requirement that he administratively exhaust his remedies before filing suit. Plaintiff simply ignored the substance of the Federal Bureau of Investigation's ("FBI's") letter to Plaintiff dated September 18, 2007, which explained to Plaintiff the appropriate way to seek a remedy for partial denial of his Freedom of Information Act ("FOIA") request.

ARGUMENT

**I.      Plaintiff Failed To Exhaust his Administrative Remedies.**

Despite Plaintiff's contentions, the FBI acted properly and reasonably in this case. By letter dated January 31, 1995, plaintiff submitted a FOIA/Privacy Act ("FOIA/PA") request to the FBI Springfield Field Office ("SIFO"). See Declaration of David M. Hardy ("Hardy Decl.") at ¶ 5 and Exhibit A (attached to Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment ("MTD/MSJ")). By letter dated March 30, 1995, SIFO advised Plaintiff

that a file responsive to his request had been located, and that it had been determined that the file was exempt from disclosure pursuant to (j)(2) of the Privacy Act and FOIA Exemption (b)(7)(A).  See id. at ¶ 7.  Plaintiff was also informed that he could file an administrative appeal by writing to the Director, Office of Information and Privacy ("OIP"), United States Department of Justice ("DOJ"), within sixty days from the date of that letter.  See id. and Exhibit C (attached to MTD/MSJ).

By letter dated April 18, 1995, plaintiff appealed the FBI's response to his January 31, 1995 request.  See id. at ¶ 9 and Exhibit E (attached to MTD/MSJ).  By letter dated December 30, 1996, OIP affirmed the FBI's handling of plaintiff's requests, and advised him of his right to seek judicial review if he was dissatisfied with this response.  See id. at ¶ 12 and Exhibit I (attached to MTD/MSJ).  By letter dated December 18, 2006, OIP remanded Plaintiff's FOIA/PA Request Number 414039 for further processing, stating that "although the FBI properly invoked Exemption 7(A) of [the FOIA] at the time your request was processed, that exemption. . . is no longer applicable to withhold the records in their entireties."[1]  See Hardy Decl. at ¶ 13.  Plaintiff was advised of his right to seek judicial review if he was dissatisfied with that response.  See id. and Exhibit J (attached to MTD/MSJ).

In response to OIP's remand of FBI's response to plaintiff's requests, the FBI reprocessed the following three main files of responsive records: 190-HQ-1200038, 281B-SI-45838 and 90A-PH-73768.[2]  See Hardy Decl. at ¶ 32.  By letter dated April 13, 2007, the FBI advised

---

[1]   The FBI has been unable to determine the reason why OIP responded a second time to plaintiff's FOIA/Privacy Act appeal - - first in a letter dated December 30, 1996 and then again in a letter dated December 18, 2006.  See Hardy Decl. at n.4.

[2]   These files were originally withheld in full pursuant to Exemption 7(A).

Plaintiff that approximately 580 pages were potentially responsive to FOIA/PA Request Number 414039 and that the FBI needed to know whether Plaintiff was willing to pay the anticipated duplication cost of $48.00.[3]  See id. at ¶ 15 and Exhibit N (attached to MTD/MSJ).  By letter dated June 5, 2007, Plaintiff requested that the FBI send him the referenced 580 pages and stated that he agreed to pay the estimated cost of duplication.[4]  See id. at ¶ 17 and Exhibit P (attached to MTD/MSJ).  By letter dated September 18, 2007, the FBI advised that it had reviewed 40 pages and was releasing 34 pages with redactions in response to FOIA/PA Request Number 414039.[5]  See id. at ¶ 18.  Certain information was being withheld pursuant to FOIA Exemptions (b)(2), (b)(6), (b)(7)(C) and (b)(7)(D)[6].  See id.  Plaintiff was also advised that he could file an administrative appeal by writing to OIP within sixty days from the date of the letter. See id. at ¶ 18 and Exhibit S (attached to MTD/MSJ).  On November 8, 2007, Plaintiff filed a Complaint in the U.S. District Court for the District of Columbia for the present lawsuit.  See

---

[3]  FBIHQ reviewed the file responsive to plaintiff's requests and determined that it is a file concerning multiple subjects.  See Hardy Decl. at n.5.  When processing a multiple subject file, only those documents which pertain to the individual about whom the request has been made are processed; documents pertaining to non-requesting subject individuals are considered "out of scope" and would not be processed in any event in the absence of a Privacy Act waiver or proof of death.  See id.  When FBIHQ informed plaintiff by letter dated April 30, 2007, that there were approximately 580 potentially responsive pages, this was before the file was reviewed and non-responsive documents were eliminated.  See id.  Once FBIHQ excluded "out of scope" documents from the file, only 40 pages were identified as being responsive to the plaintiff's requests.  See id.

[4]  Plaintiff made the same request in letters dated June 1, 2007 and August 20, 2007.  See Hardy Decl. at ¶ 17 n.6 and Exhibits Q and R (attached thereto).

[5]  Both of Plaintiff's January 31, 2005 and August 20, 1996 requests were assigned FOIA/PA Request Number 414039.  Accordingly, this September 18, 2007 response was made to both of these requests, which were for the same records.  See Hardy Decl. at ¶ 18 n.7.

[6]  Due to administrative oversight, the letter did not include Privacy Act Exemption (j)(2).  See Hardy Decl. at n.8.

Complaint.   The FBI has confirmed that, as of February 2008, OIP has no record of receiving an administrative appeal from the FBI's September 18, 2007 response to plaintiff's requests.   See Hardy Decl. at ¶ 20.

As a result, Plaintiff cannot be found to have either actually or constructively exhausted his administrative remedies, and his claims must be dismissed.   Anything else would frustrate the purpose of exhaustion, to "prevent[] premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review," Weinberger v. Salfi, 422 U.S. 749, 765 (1975).   As a result, because Plaintiff has failed to exhaust his administrative remedies, his complaint should be dismissed.

## II.     Even if Plaintiff had Exhausted His Administrative Remedies, Plaintiff Missed the 6-Year Statute of Limitations to File a Complaint Regarding His 1995/96 FOIA Request.

Plaintiff contends that "he did in fact exhaust his remedies by appealing the negation of his request in 1996."   Pl's Opp. at 4.   Assuming, *arguendo*, that Plaintiff has exhausted his administrative remedies before filing a complaint in the instant case, then such a complaint was improper because it violated the statute of limitations regarding actions under the FOIA.

> The applicable statute of limitations for FOIA actions is 28 U.S.C. ''  2401(a), which requires that a complaint be filed within six years of the accrual of a claim.   5 U.S.C. '' 552; Spannaus v. Dep't of Justice, 824 F.2d 52, 55 (D.C. Cir. 1987).   "Unlike an ordinary statute of limitations, '' 2401(a) is a jurisdictional condition attached to the government's waiver of sovereign immunity, and as such must be strictly construed." Id.
>
> Generally, a cause of action accrues as soon as the claimant can institute and maintain a suit in court.   Spannaus, 824 F.2d at 56.   More specifically, a FOIA claim accrues once the claimant has constructively exhausted his or her administrative remedies.   Id. at 57.   Constructive exhaustion occurs when the

>time limits by which an agency must reply to a FOIA claimant's request or appeal (if there is an appeal) expire.   5 U.S.C. '' 552(a)(6)(C); Spannaus, 824 F.2d at 58.

Aftergood v. CIA, 225 F.Supp.2d 27, 29-30 (D.D.C. 2002); accord Primorac v. CIA, 277 F.Supp.2d 117, 120 (D.D.C. 2003) (FOIA case dismissed where the plaintiff's administrative appeal was denied more than six years before the filing of the lawsuit).

Mr. Fischer had exhausted his administrative remedies with respect to his 1995/96 FOIA request on or before December 30, 1996, when OIP affirmed the FBI's handling of Plaintiff's requests and denied Plaintiff's appeal.  See Hardy Decl. at ¶ 12 and Exhibit I (attached to MTD/MSJ); 5 U.S.C. '' 552(a)(6)(A)(ii).   Indeed, in its December 30, 1996 letter to Plaintiff, the FBI advised him of his right to seek judicial review of its determination in a United States District Court.  See Exhibit I.   Accordingly, the statute of limitations for Plaintiff's 1995/96 FOIA request expired by December 2002, six years after Plaintiff's claim accrued and almost five years before Plaintiff filed his complaint with the Court.   28 U.S.C. ' 2401(a).   As a result, insofar as this action might be based on Plaintiff's 1995/96 FOIA request, the case should be dismissed.   See Spannaus, 824 F.2d at 55; Aftergood v. CIA, 225 F.Supp.2d at 29-30.

### III.   Plaintiff's Claims Regarding the Merits are Premature.

In his response to Defendants' MTD/MSJ, Plaintiff attempts to address the merits of his case, specifically with regard to the applicability of the FBI's cited FOIA Exemptions in withholding some of the responsive documents to Plaintiff's FOIA request.  See Pl's Opp. 6-8. Defendants have not argued the potential merits of Plaintiff's case because (1) this Court lacks jurisdiction to hear this case and (2) Plaintiff has failed to state a claim upon which relief can be granted.   If the Court finds that it has jurisdiction and that Plaintiff's claim survives the instant

MTD/MSJ, Defendants will plan to submit a <u>Vaughn</u>[7] index and again move for summary judgment on the merits.

## CONCLUSION

For the foregoing reasons, and those set forth in Defendant's Motion To Dismiss Or, In The Alternative, For Summary Judgment, Plaintiff's complaint should be dismissed, or summary judgment entered in favor of defendant.

Dated: May 12, 2008.                    Respectfully Submitted,

    /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

    /s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

    /s/
BRANDON L. LOWY
Special Assistant United States Attorney
555 Fourth Street, NW
Washington, DC 20530
(202) 307-0364
Attorneys for Defendants

---

7. <u>Vaughn v. Rosen</u>, 484 F.2d 820 (D.C. Cir. 1973), <u>cert. denied</u>, 415 U.S. 977, 94 S. C. 1564 (1974).

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 12th day of May, 2008, I caused the foregoing to be served on

Plaintiff via first class United States Mail:

Eugene A. Fischer
Register No. 32904-004
FCI-2
Box 1500
Butner, NC 27509

                                          /s/
                                          BRANDON L. LOWY
                                          Special Assistant United States Attorney