UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| EUGENE A. FISCHER, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 07-2037 (ESH) |
| FEDERAL BUREAU OF INVESTIGATION, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff has filed a *pro se* suit against the Federal Bureau of Investigation ("FBI"), the Office of Information and Privacy ("OIP"), and the United States Department of Justice ("DOJ")[1] seeking to obtain information related to various closed criminal cases involving himself and others pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Defendant has moved to dismiss plaintiff's claims for failure to exhaust administrative remedies or, in the alternative, for failure to comply with the six-year statute of limitations applicable to FOIA actions.[2] Alternatively, defendant has moved for summary judgment. For the reasons set forth below, the Court denies defendant's motion.

---

[1] Because the FBI and OIP are both components of DOJ, the Court hereby substitutes DOJ as the sole defendant.

[2] Defendant raised the statute of limitations issue for the first time in its reply. (*See* Reply at 4-5.) Plaintiff addressed the issue in a surreply. Although plaintiff did not seek permission to file a surreply, the Court notes that absent the filing of this unauthorized response, plaintiff, who is proceeding *pro se*, would have had no opportunity to address the new argument. *See Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003) ("The district court routinely grants such motions [for leave to file a surreply] when a party is unable to contest matters presented to the court for the first time in the last scheduled pleading.").

**BACKGROUND**

On January 31, 1995, plaintiff submitted a request to the FBI under FOIA and the Privacy Act for records related to criminal cases in the Southern District of Illinois involving plaintiff and other individuals.  (Compl. ¶ 7 and Attach. A; Declaration of David M. Hardy, Section Chief of the Record/Information Dissemination Section, Records Management Division at FBI Headquarters ["Hardy Decl."] Ex. A (attached to Mot. to Dismiss).)  The FBI acknowledged receipt of the request and the existence of potentially responsive records on February 22, 1995.  (Hardy Decl. Ex. B.)  By letter dated March 30, 1995, the FBI indicated that a file responsive to plaintiff's request had been located, but that it was exempt from disclosure pursuant to FOIA Exemption 7(A) and Privacy Act Exemption (j)(2).  (Compl. ¶ 8 and Attach. B.)  Plaintiff was also advised that he could file an administrative appeal of the decision with OIP within 30 days.  (*Id.* Attach. B.)  Plaintiff appealed the decision on April 18, 1995.  (*Id.* ¶ 9 and Attach. C.)

Plaintiff filed a second FOIA/Privacy Act request on August 20, 1996 for some of the same records identified in his January 1995 request.  (*Id.* ¶ 7 and Attach. A; Hardy Decl. Ex. G.)  The FBI responded on September 4, 1996, indicating that plaintiff had "requested information substantially duplicative in your request, dated January 31, 1995" and informing plaintiff that "[y]ou were previously advised that the material you requested was determined to be entirely exempt from disclosure."[3]  (Hardy Decl. Ex. H.)

On December 30, 1996, OIP affirmed the FBI's initial decision on plaintiff's request and advised him of his right to seek judicial review.  (Compl. ¶ 10 and Attach. D.)  Plaintiff did not seek such review.

---

[3] According to defendants, plaintiff's January 2005 and August 2006 requests were merged and were both assigned the same FOIPA Request Number 414039.  (Hardy Decl. n.1.)

Ten years later, in a letter dated December 18, 2006, OIP reversed itself, finding that although the FBI had properly invoked FOIA Exemption 7(A) at the time plaintiff's request was processed in 1995, the exemption "is no longer applicable to withhold the records in their entireties." (*Id.* ¶ 11 and Attach. E.) Thus, plaintiff's request was remanded for further processing.

On April 13, 2007, the FBI advised plaintiff that it had located approximately 580 pages that were potentially responsive to plaintiff's request. (*Id.* ¶ 13 and Attach. G.) Following OIP's December 2006 decision and both before and after the FBI's April 2007 notification, plaintiff sent several letters to the FBI requesting the records to which he was entitled. (*See id.* ¶ 12 and Attach. F.)

On September 18, 2007, the FBI advised plaintiff that it had reviewed 40 pages and was releasing 34 pages with redactions in response to his request and that certain information was being withheld pursuant to FOIA Exemptions 2, 6, 7(C), and 7(D).[4] (*Id.* ¶ 14 and Attach. H.) In the same letter, plaintiff was advised that he could file an administrative appeal with OIP within 60 days. (*Id.* Attach. H.) Plaintiff, however, did not pursue the administrative remedy but instead initiated the instant action on November 8, 2007.

## ANALYSIS

Defendant contends that plaintiff failed to exhaust his administrative remedies because he did not file an appeal with OIP of the FBI's September 18, 2007 response to his FOIA/Privacy Act requests. (Mot. to Dismiss at 12; Reply at 4.) Plaintiff responds that he exhausted his administrative remedies by appealing the FBI's initial denial of his claim. (Opp'n at 5.)

---

[4] According to defendants, because plaintiff's January 2005 and August 2006 requests were merged, the FBI's letter and document release were in response to both requests. (Hardy Decl. ¶ 18 n.7.)

"Exhaustion of administrative remedies is generally required [under FOIA] before seeking judicial review 'so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision.'" *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004) (per curiam) (quoting *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990)). Likewise, exhaustion is a prerequisite to filing under the Privacy Act. *Haase v. Sessions*, 893 F.2d 370, 373 (D.C. Cir. 1990); *Banks v. Lappin*, 539 F. Supp. 2d 228 (D.D.C. 2008). Nevertheless, "because exhaustion is a prudential consideration rather than a jurisdictional prerequisite," *Wilbur*, 355 F.3d at 677, failure to exhaust does not preclude judicial review in every circumstance. A court will refuse to hear the claim if the purposes of exhaustion and the particular administrative scheme support such a bar. *Hidalgo v. FBI*, 344 F.3d 1256, 1258-59 (D.C. Cir. 2003). "[T]he purposes and policies underlying the exhaustion requirement [are] . . . to prevent premature interference with agency processes, to give the parties and the courts benefit of the agency's experience and expertise and to compile an adequate record for review." *Wilbur*, 355 F.3d at 677.

     Although plaintiff in this case did not appeal the FBI's September 2007 determination, considering defendant's own disregard of the FOIA appeal deadline, jurisprudential considerations strongly favor plaintiff's position. Plaintiff filed his FOIA/Privacy Act requests in January 1995 and August 1996, and he filed an appeal in April 1995. Under FOIA, an agency has 20 business days to make a determination with respect to any appeal. 5 U.S.C. § 552(a)(6)(A)(ii). Nevertheless, in this case, OIP inexplicably reviewed plaintiff's appeal and remanded the case to the FBI in December 2006, more than ten years after the FBI had initially denied plaintiff's requests and approximately ten years after OIP had initially denied plaintiff's appeal. Having already appealed once, plaintiff, who is not represented by counsel,

understandably viewed OIP's latter decision as a victory entitling him to disclosure of the requested documents without the need for further administrative action. Plaintiff's confusion over the need to pursue a second administrative appeal with respect to the FBI's September 2007 letter is directly attributable to defendant's flagrant failure to abide by the statutory deadlines for timely action. Under these circumstances, consideration of the merits would not undermine the "purposes and policies underlying the exhaustion requirement."[5] *Wilbur*, 355 F.3d at 677.

For these reasons, the Court denies defendant's motion [# 6], and hereby orders defendant to file a Vaughn index and a renewed motion for summary judgment on or before July 14, 2008.

                    /s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: May 29, 2008

---

[5] The Court also rejects defendant's statute of limitations argument. Defendant originally rejected plaintiff's claim based on FOIA Exemption 7(A). However, when denying plaintiff's right of access to certain records in September 2007, defendant relied on FOIA Exemptions 2, 6, 7(C), and 7(D). Accordingly, as defendant is now invoking different exemptions from the one on which it previously relied, the statute of limitations argument is irrelevant.