THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
AUG 1 1 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EUGENE A. FISCHER,
       Plaintiff,

vs.

Civ. A.: No. 07-2037(ESH)

FEDERAL BUREAU OF INVESTIGATION, et al.,
       Defendants.

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES HERETO Plaintiff pro se, Eugene A. Fischer, and offers this response to the Defendant's response of July 14th, mailed by Defendant on July 17th and received by Plaintiff on July 22th.

### DEFENDANT'S ANSWER IS NON-RESPONSIVE

In the Court's Memorandum Opinion and Order of May 29, 2008 the government was ordered to file a Vaughn index and a renewed motion for summary judgment on or before July 14, 2008. The government only filed a motion for Summary Judgment but ignored the Court's order to supply Plaintiff with a Vaughn index. While the government's filing was voluminous, it did not appear to reach the threshhold of an itemized Vaughn index. This gets to the core of the issue the Plaintiff is making, i.e. either intentionally or by neglect the government is withholding information.

Plaintiff can only speculate at the time and money the government is spending to withhold such information from Plaintiff Fischer and their motivation.

Plaintiff Fischer will attempt to show discrepancies and contradictions in the government's responses to his FOIA requests.

BASIS OF PLAINTIFF'S OBJECTIONS

Plaintiff Fischer challenges the adequacy of the searches and the sufficency of the justifications for withholding materials. He also challenges the degree of compliance with the FOIA's requirement that "[a]ny reasonably segregable portion of a record shall be provided...after deletion of the portions which are exempt...." 5 USC 552(b).

Under the FOIA an agency has a duty to conduct a reasonable search for responsive records. See Oglesby v. United States Dep't Army, 287 US App. DC 126, 920 F.2d 57, 68 (DC Cir 1990).

Congress passed FOIA to provide a public right of access, enforceable in federal court to agency records. The purpose of the FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against the corruption which can come from an all powerful central government and to hold the governors accountable to the governed and to protect the governed from charges or information gathered by the government which might be erroneous. See Trentadue v. Integrity, 501 F.3d 1215 (US Court of Appeals 2007).

As such it is clear that the FOIA's disclosure provisions are contrued broadly and its exemptions narrowly, with the burden clearly on the government to prove an exemption applies.

Plaintiff Fischer maintains that from the very beginning the F.B.I. has not done a reasonable search for the records he sought and has misapplied an exemption for an ongoing criminal investigation. When the FBI finally responded to his initial request after a delay of over ten years, it was shown in one of the documents it presented to plaintiff that the ongoing investigation was because the FBI was declaring him [Fischer] a fugitive from the law hiding in Switzerland under an alias. The FBI report shows this as in 1996 when in fact plaintiff Fischer was incarcerated in a prison of the Federal Bureau of Prisons (BOP).  This was the first error of the government in processing Fischer's request.

2

EXAMPLES OF MISSING AND/OR ERRONEOUS INFORMATION

Plaintiff Fischer made requests to both the central FBI offices in Washington DC and to the Springfield, MO office. As an example he was given a report from the Springfield office in Exhibit O of the government's voluminous response which listed aproximately 300 pages of public source material in file. This document dated 9/19/96 also states that no material should be released to requester claiming Exemption (b)(7)(a) continuing criminal investigation. Yet in the current situation with the government finally declaring that this exemption had been removed, there has been no mention of this public source material or any attempt to show it to the plaintiff. A reading of this page also shows that the reason the FBI was claiming was "case still pending" why? "fugitives at large in ongoing investigation." Once again this shows the FBI erroneous since : in these documents finally given to plaintiff it shows the FBI listing him as a fugitive when in fact he was a federal prisoner.

Another document the FBI has presented concerns an accusation that he [Plaintiff] was attempting to escape from federal prison but that the prosecutor in Pennsylvania refused to prosecute the case since there was a "lack of credible evidence" showing this. This information concerning this false accusation has been withheld from the Plaintiff for over ten years and yet was maintained in hidden records both by the FBI and the BOP. It resulted in Plaintiff receiving the most severe treatment by the BOP and has been used against Plaintiff without him knowing either the accusation or the attempt to charge him with a fictitious escape even existed.

Concerning forfeitures of properties the FBI has barely complied. The only inforamtion given in the scant 42 pages was concerning a gambling casino in California. Fischer never had any involvement with this casino and did later receive a stipulation from the government that he was not involved. However the government has not given Plaintiff any documents concerning several

3

other properties they forfeited from him, namely a shipyard in Houma, La; a hundred acre parcel of land in FL; a large integrated-tug-barge in Ontanogan, MI; and several apartments in Miamia, FL.

Furthermore, there were no papers or reports given the plaintiff concerning first an attempted visit and then an actual visit by the principal FBI agents in his case, Dueker and Davis, first while the plaintiff was in USP/Lewisburg and then while he was in USP/Atlanta.

The continuing withholding of information from the Plaintiff is further demonstrated by the attachment A, a letter from FBI, Section Chief David M. Hardy dated July 24, 2008 in which Hardy in response to Plaintiff's additional request to resolve this matter has stated "if you desire a transcript of court proceedings, in connection with your trial....submit a request to the Clerk of Court....." Hardy stated very bluntly, "By letter dated June 29, 2007 the U.S. Department of Justice, Office of Privacy and appeals confirmed the actions of the FBI thus finalizing your request. Therefore, this matter is being considered closed."

Exhibit J in the government's motion for summary judgment shows a letter from Daniel J. Metcalfe, Director of Office of Information and Privacy dated Dec. 18, 2006 and directed to plaintiff Fischer. The absurdity of the whole process and the haphazardness of the government's process is shown by this letter. Please note that this letter has blocked portions in it even though it was a letter directed to the plaintiff. The only question is why? And if this type of absurd and erroneous processing has occurred in this letter, in how many other cases concerning the information the plaintiff is requesting has it also occurred?

To further demonstrate that the government has other documents concerning Plaintiff in its files, Plaintiff submits that in the latest documents given him in the governments Exhibit O, pages FISCHER 37, 38 and 40 such pages concerning an alleged attempted escape were not given before to plaintiff. This demonstrates the probabilities that other information is also being withheld.

## MISSING OR QUESTIONABLE WITHHELD INFORMATION

Plaintiff is confused with the extensive quoted exemptions by the Defendant concerning his request. The Defendant has only released 34 pages to Plaintiff of 40 named pages. Yet the exemptions quoted go on for many more pages then the 40 named pages.

There is not one iota of information as to any of the trial matters, although Mr. Hardy, Section Chief of records, Information dissemination and Records Management Division states Plaintiff should check with the Clerk of the Court for these documents. Plaintiff doesn't understand how the FBI could not still have documents concerning the case brought against him in Southern Illinois through the FBI investigations. Not one of the documents contained in the package of 34 released pages was of this investigation.

Furthermore, there is nothing in the Defendant's response or documents sent the Plaintiff of the forfeitures against the Plaintiff and nothing of visits or proposed visits by FBI agents while Plaintiff was incarcerated.

Defendant was the party who reopened the FOIA request of Plaintiff Fischer after 10 years of it laying dormant. In his declaration Section Chief Hardy states that three files were reprocessed by the FBI and that one of these files concerned multiple subjects and that there were approximately 580 pages of potentially responsive records in this file but that once non-responsive documents were excluded only 40 pages remained. Plaintiff would request that copies of all such pages be submitted to him and is willing to pay for the cost of any such pages in excess of the amount provided free of charge.

5

CONCLUSION

Plaintiff continues to maintain that the Defendant is not being responsive to his FOIA request and that for the reasons indicated by Plaintiff in this motion it is evident that materials are not being processed which the Plaintiff is entitled to receive under FOIA.

For these reasons Plaintiff requests that the Court deny the Defendant's request for Summary Judgment and would request the Court require the Defendant to answer the Plaintiff's request for documents as itemized in this motion.

RESPECTFULLY SUBMITTED this 7th day of August, 2008.

*[signature]*

Eugene A. Fischer
32904-004
Box 1500
FCI-2
Butner, NC  27509

---

Certificate of Service

I, Eugene A. Fischer, do certify that I have sent a copy of this motion by mail to the Office of the United States Attorney, 555  4th Street, N.W., Rm.E-4405, Washington, DC 20530 ,on this 7th day of August, 2008.

*[signature]*

Eugene A. Fischer
32904-004
FCI-2
Box 1500
Butner, NC 27509

ATTACHMENT A



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

July 24, 2008

MR. EUGENE ALBERT FISCHER
\*\*32904-004
FCI-2
POST OFFICE BOX 1500
BUTNER, NC 27509

                        Request No.: 1116592- 000
                        Subject: FISCHER, EUGENE ALBERT

Dear Mr. Fischer:

     This is in response to your Freedom of Information-Privacy Acts (FOIPA) request noted above.

     Reference is made to your latter dated July 15, 2008, which references FBI letter dated July 10, 2008, concerning the above captioned FOIA request. Records indicate that on September 18, 2007, 34 pages were released to you. By letter dated June 29, 2007 the U.S. Department of Justice, Office of Privacy and Appeals confirmed the actions of the FBI thus finalizing your request. Therefore, this matter is being considered closed.

     Again, you are advised that If you desire a transcript of the court proceedings, in connection with your trial, submit a request to the Clerk of the Court for the Federal District Court of Southern Illinois.

                                Sincerely yours,

                                David M. Hardy
                                Section Chief,
                                Record/Information
                                  Dissemination Section
                                Records Management Division