# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )
**EUGENE A. FISCHER,**                  )
                                        )
             **Plaintiff,**  )
                                        )
      **v.**               )    **Civil Action No. 07-2037 (ESH)**
                                        )
**FEDERAL BUREAU OF**                   )
**INVESTIGATION, et al.**               )
                                        )
           **Defendants.**  )
_____)

## DEFENDANTS' SECOND MOTION FOR ENLARGEMENT OF TIME TO FILE REPLY AND MOTION FOR LEAVE TO FILE A SUPPLEMENTAL DECLARATION

Defendants respectfully move the Court for an enlargement of time of one month to, and including, October 6, 2008, in which to file a reply to Plaintiff's Response to Defendants' Motion for Summary Judgment (Document 18), filed on August 11, 2008. Pursuant to prior Order of this Court, Defendants' reply is due on September 5, 2008. This is Defendants' second request for an enlargement of time to file a reply in this case, which arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Defendants also request leave to file a supplemental declaration relating to the disclosure of public source information contained in records responsive to plaintiff's January 31, 1995 FOIA request.[1] Defendants will not oppose a request by plaintiff to file a sur-reply

---

[1] Undersigned counsel was assigned to this case upon the departure from the Civil Division of the Special Assistant United States Attorney who filed the summary judgment motion. Upon receipt of plaintiff's opposition brief, undersigned counsel requested an extension of time of two weeks to review the case file and to confer and consult with agency counsel to prepare a reply brief. The agency has since determined that a supplemental release of public source information previously disclosed in 1997 (see Ex. A hereto) is appropriate, and that additional time is required to re-process the records and prepare a supplemental declaration in support of summary judgment.

addressing any issues addressed in the reply that were not addressed in defendants' moving brief.[2]

Because Plaintiff is incarcerated and proceeding pro se, we have not endeavored to ascertain Plaintiff's position with respect to this motion, as LCvR 7(m) is inapplicable in this case.

### Discussion

The FBI established in its moving papers, and supporting declaration, that records responsive to plaintiff's January 31, 1995 FOIA request were initially located in a file in the Springfield, Illinois field office, and plaintiff was advised by letter dated March 30, 1995, that many of the documents were exempt from disclosure under FOIA Exemption 7(A).  See Declaration of David Hardy (Document 16-2), ¶¶ 7-9. The FBI further advised plaintiff that "no review had been conducted for public source information within this responsive file and if he desired this type of search he should advise [the FBI Springfield, Illinois Field Office.]") Id. at ¶ 9.  By letter dated April 18, 1995, plaintiff requested that the FBI review the records for public source information and the FBI, in turn, advised plaintiff, by letters dated September 4, 1996 and December 30, 1996, "that his request for public source material was being handled separately and that he would be contacted directly by the FBI when the processing had been completed." See id. at ¶¶ 10, 13-14.

By letter dated December 18, 2006, the Office of Information and Privacy, U.S. Department of Justice ("OIP") stated that Exemption 7(A) "is no longer applicable to withhold the records in their entireties" and remanded plaintiff's FOIA request for further processing.  See Memorandum

---

[2]  In accordance with LCvR 7(h), the Court "may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." Id.  If, as appears to be the case here, the party opposing summary judgment files no statement of facts in genuine dispute, the Court may therefore treat as admitted all of the facts in the movant's statement of material facts not in genuine dispute. The Court's inquiry would then be narrowed to whether the facts stated by the moving party compel summary judgment in the movant's favor as a legal matter.

Opinion and Order, filed May 29, 2008 (Document 14) (quoting Compl., ¶ 11 & Attach. E); see also Hardy Decl., ¶ 15 & Ex. J thereto.  By letter dated September 18, 2007, the FBI advised plaintiff that it had reviewed 40 pages of documents responsive to plaintiff's FOIA request and that it was releasing 34 pages with redactions.  See Hardy Decl., ¶ 20.  Neither letter specifically addressed the separate review of potentially responsive records for public source information.

Upon further review of the records previously identified as potentially responsive to plaintiff's FOIA request, defendant Federal Bureau of Investigation ("FBI") has located a letter, dated February 3, 1997, confirming the FBI's disclosure of public source information contained in the records on or about January 23, 1997 (see Ex. A hereto).  These records are separate and distinct from the 40 pages of documents referenced in the September 18, 2007 letter.  The FBI, however, has not been able to locate the original disclosure letter and requests additional time to reprocess the public source information, make a supplemental disclosure of information to plaintiff, and to prepare a supplemental declaration.  The FBI anticipates that it will need additional time, in part, because annotations contained on the records may be subject to redaction under FOIA exemptions.

WHEREFORE, Defendant respectfully requests an enlargement of time of one month file a reply brief and a supplemental declaration in support of summary judgment.

Respectfully submitted,


 /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


 /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


 /s/
JOHN G. INTERRANTE
PA Bar # 61373
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7220
(202) 514-8780 (fax)
John.Interrante@usdoj.gov

**<u>EXHIBIT A</u>**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served by First-Class mail, postage

prepaid to:

EUGENE A. FISCHER
R 32904-004
BUTNER
FEDERAL MEDICAL CENTER
Inmate Mail/Parcels
P.O. BOX 1600
BUTNER, NC 27509
PRO SE

on this 5th day of September, 2008.

_____/s/_____
JOHN G. INTERRANTE
Assistant United States Attorney



U.S. Department of Justice

Federal Bureau of Investigation

In Reply, Please Refer to
File No.

Suite 400, 400 West Monroe Street
Springfield, IL   62704
February 3, 1997

U.S. Penitentiary
Eugene A. Fischer
#32904-004
Box PMB
Atlanta, GA  30315

Dear Mr. Fischer:

This is in reference to your Freedom of Information Act-Privacy Act request.

Our letter to you, dated January 23, 1997, enclosed the public source material that could be released.  No additional information can be released as other subjects are still at large.

Sincerely,

Robert S. Conforti
Special Agent in Charge

1 - Addressee
1 - Springfield (190-SI-47508)

DMM/kss
(2)

EXHIBIT

A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                    )
**EUGENE A. FISCHER,**                )
                                                    )
                 **Plaintiff,**        )
                                                    )
        **v.**                              )    **Civil Action No. 07-2037 (ESH)**
                                                    )
**FEDERAL BUREAU OF**             )
**INVESTIGATION, <u>et</u> <u>al</u>.**        )
                                                    )
            **Defendants.**        )
_____)

<u>**ORDER**</u>

      Upon Consideration of Defendants' Second Motion for Enlargement of Time to File

Reply and Motion for Leave to File a Supplemental Declaration, and the entire record herein, it

is hereby **ORDERED** that the motion is **GRANTED**.

      It is further **ORDERED** that defendants shall file a reply and a supplemental declaration

in support of summary judgment by October 6, 2008.

      It is further **ORDERED** that plaintiff shall file a sur-reply addressing any new issues

raised in defendants' reply brief by _____.

      It is **SO ORDERED** this _____ day of September, 2008.


                                      _____
                                      Ellen S. Huvelle
                                      United States District Judge